LEO RASSIEUR, JR., Administrator of Estate of MARGARET BURROUGHS, v. NICOLA P. ZIMMER, Administrator of Estate of THOMAS J. PAYNE, Plaintiff in Error.

**Division One, March 28, 1913.**

1. **ADMINISTRATION: Presentation of Demand: Limitations.** A demand, otherwise sufficient, · which is lodged, after proper notice to the administrator, with the clerk of the probate court in vacation and filed by him before the statutory period for presenting demands has elapsed, is presented to the court, within the meaning of the statute, from the date of its filing, and is not barred by limitations though such statutory period has run when the next term of the court begins.

2. ————: ————: **Pleading.** No formal pleadings are required in the presentation of demands for allowance in the probate court. A statement of facts constituting a cause of action is sufficient if it advise the opposite party of the nature of the claim and be sufficiently specific to bar another action.

3. ————: ————: ————: **Sufficient: In the Form of a Notice.** The plaintiff gave timely notice that he would present for allowance against the estate of decedent certain notes, giving therein the dates and amounts and complete copies of them, and also the amount of a judgment rendered by the circuit court of Illinois, setting forth a complete transcript thereof. The notice further specified that these several demands would be presented for allowance at the next term of the probate court. After due service of the notice the original thereof was filed with, and .properly indorsed by, the clerk of the probate court, and at the succeeding term the demands specified in said notice were submitted to the court without objection as to the form, both parties being present. *Held*, that the paper set forth the constitutive facts of a demand, and described the nature and extent of the indebtedness, and was a statement of facts sufficient to constitute a demand. The only informality was a failure to put the contents of the paper in the form of a statement of indebtedness against the estate, without the use of the prefatory words of notice to the administrator, and those words were mere surplusage, which did not affect the otherwise clear and complete statement of the nature of the demand.

Error to St. Louis City Circuit Court.—*Hon. Robert M. Foster,* Judge.

AFFIRMED.

*C. F. Ziebold* for plaintiff in error.

(1) No formal pleadings are required in the prosecution before the probate court of demands against the estates of deceased persons; but the requisites for exhibiting, presenting and proving demands are jurisdictional, in the absence of any of which neither the probate nor successive courts obtain jurisdiction over the cause or person. Britian v. Fender, 116 Mo. App. 96; R. S. 1899, sec. 200. (2) All demands must be "exhibited to the administrator and presented to the court for allowance, as provided by law," within two years, else they will be forever barred. R. S. 1899, secs. 184, 185, 187, 189, 191, 197 and 198; Price v. McCause, 30 Mo. App. 627; Bank v. Burgin, 73 Mo. App. 108; Guewe v. Hansen, 85 Mo. App. 136; Ryan v. Boogher, 169 Mo. 673; Ewing v. Taylor, 70 Mo. 394; Wernse v. McPike, 100 Mo. 476; Bank v. Suman, 79 Mo. 527; Stephens v. Bernays, 119 Mo. 143. (3) The demand itself, and not a mere copy of a notice of demand served on the administrator, must be presented to the court, by filing or otherwise, within the required two years. Bank v. Burgin, 73 Mo. App. 108. (4) Exhibition of a demand is a proceeding separate from its allowance. Walley v. Gentry, 68 Mo. App. 298.

*Rassieur, Kammerer & Rassieur* for defendant in error.

(1) All the requirements of the statute, with respect to the exhibition of the demand to the administrator and the giving of notice of its presentation to the probate court for allowance, were strictly complied

with, and the probate court was thereupon at once vested with jurisdiction over the demand and the parties. Secs. 194, 203, 204, R. S. 1909; Stephens v. Bernays, 119 Mo. 147; Britian v. Fender, 116 Mo. App. 96; Corson v. Waller, 104 Mo. App. 623. (2) No formal pleadings are required in the prosecution of a demand in the probate court; if the demand is filed in such form as to unmistakably disclose the nature of the transaction which gave rise to it, it is sufficient. Sec. 206, R. S. 1909; Sublett v. Nelson, 38 Mo. 488; Watkins v. Donnelly, 88 Mo. 323; Bronze Co. v. Doty, 99 Mo. App. 195; Christianson v. McDermott, 123 Mo. App. 448. (3) Defendant having appeared and taken part in the trial of the demand on the merits, both in the probate court and in the circuit court, without objecting to the form or sufficiency of the demand, or moving to have it made more definite or certain, thereby waived such objections, and will not be heard now to complain. Barrett v. Baker, 136 Mo. 521; Hammons v. Renfrow, 84 Mo. 345; Avery v. Bank, 221 Mo. 82; Britian v. Fender, 116 Mo. App. 97; Finley v. Dyer, 79 Mo. App. 606. (4) But even if the record in this case had failed to show that claimant's demand, or a statement thereof, was filed in the probate court, yet, since no exceptions to the omission or to the ruling of the trial court, grounded on the alleged defect, were taken in the circuit court, the objection is not open for review in this court; nor can the objection be raised for the first time on appeal. Beard v. Parks, 44 Mo. 244; Fisher v. Railroad, 46 Mo. 304. (5) Claimant was not required to file with his demand a certified copy of the foreign judgment sued on; the demand founded on this claim was one of debt. Campbell v. Wolf, 33 Mo. 459; Crim v. Walker, 79 Mo. 335; Smith v. Kander, 58 Mo. App. 65. Nor was it necessary for defendant in error to have filed with his demand, the cancelled note which

his intestate had paid as surety for Thomas J. Payne, deceased; the claim was not founded on the note, but was one for reimbursement, upon the implied promise of the principal to repay the money. Burton v. Rutherford, 49 Mo. 258; Blake v. Downey, 51 Mo. 437. In any event, plaintiff in error cannot now complain of the omission to file these papers, since he waived such alleged error by going to trial without objection. Burdsal v. Davies, 58 Mo. 138; Peake v. Bell, 65 Mo. 224. (6) While the question of limitation raised in the brief of plaintiff in error is not presented by the record in this case, still, it has been expressly decided by this court that the requirement of Sec. 195, R. S. 1909, that a demand must be presented to the probate court for allowance within the statutory period, is fully satisfied if a demand is in fact filed with the clerk of the court within that time. Keys v. Keys, 217 Mo. 65.

## STATEMENT BY THE COURT.

On the 14th of April, 1905, letters of administration upon the estate of Thomas J. Payne, deceased, were granted by the St. Louis Probate Court to Nicola P. Zimmer. On the 5th of April, 1907, the administrator of the estate of Margaret Burroughs (formerly Margaret Payne) gave notice that he would present for allowance against the estate of said Payne certain notes, giving the dates and amounts thereof, respectively, and setting forth full and complete copies of the same, and for the amount of a judgment rendered by the circuit court of Monroe county, Illinois, at its March term, 1905; setting forth a full and complete transcript thereof, and also for a demand setting forth the amount thereof arising out of the payment by Margaret Burroughs (formerly Margaret Payne) of a debt of said Thomas J. Payne, deceased, for which, it was stated, the said Margaret Burroughs

and another were sureties; setting forth a complete copy of the note of the intestate and the signatures of the sureties. The notice further specified that these several demands would be presented for allowance at the next term of the probate court, to-wit, June term, 1907. After due service of the aforesaid notice of demands, the original thereof was filed on April 8, 1907, with, and properly indorsed by, the clerk of the probate court of St. Louis. At the succeeding term of said probate court, to-wit, June, 1907, the parties appeared by their respective attorneys, and the demands specified in said notice of demand were submitted to the probate court; and, after a hearing, were allowed in the amounts claimed. The administrator thereupon appealed to the circuit court, where the parties again appeared; and upon a trial before the judge, a jury being waived, the judgment of the probate court was affirmed, and judgment rendered for $8201.63.

No bill of exceptions was taken or filed in the circuit court, and the motions for new trial and in arrest filed by Nicola P. Zimmer, administrator, were stricken from the docket, because not filed within the statutory time.

The defendant administrator brings the case here by writ of error, submitting for review only the record proper.

## OPINION.

BOND, J. (after stating the facts as above).—I. Plaintiff in error submits two questions to this court: (1) that the copy of the "notice of demand" filed on April 8, 1907, as and for the demand of defendant in error, is not a statement of facts sufficient to constitute a demand against the estate of which plaintiff in error is administrator; (2) that the filing of this paper with the clerk of the probate court in vacation and a few days before the lapse of two years from

the grant of letters of administration, not being followed by a presentation for allowance until the next term of the probate court when the statute of two years had run, is thereby barred.

If the copy of demand filed as the basis of the claim against the estate in appellant's hand contains the elements of a cause of action for the sums therein mentioned and may be treated as a formal demand, then the second point relied upon by appellant must be ruled adversely, for this court has recently held that a demand otherwise sufficient which is lodged after proper notice to the administrator with the clerk of the probate court and filed by him before the statutory two years have elapsed, is presented to the court, in the sense of the statute, from the date of its filing. [R. S. 1909, sec. 195; Keys v. Keys, 217 Mo. l. c. 65.] As the notice of demand was thus deposited with the clerk of the probate court and filed by him a few days before the expiration of the statutory limit for the presentment of claims, it falls within the purview of that ruling.

The only question left is, whether the statements of this notice of demand are sufficient to constitute a cause of action and a valid demand against the estate undergoing administration. The rule is well settled that no formal pleadings are required in the presentation of demands for allowance in the probate court on an appeal to the circuit court. [R. S. 1909, sec. 206; Watkins v. Donnelly, 88 Mo. 322; Sublett v. Nelson, 38 Mo. l. c. 488; Britian v. Fender, 116 Mo. App. l. c. 96; Christianson v. McDermott Estate, 123 Mo. App. l. c. 455; Monumental Bronze Co. v. Doty, 99 Mo. App. l. c. 198.]

The paper filed in this case sets forth the constitutive facts of a demand, for it described the exact nature and extent of the indebtedness and contained a full copy of the notes and the judgment evidencing it.

*Margin notes:* Limitation: Presentation of Demand. — Sufficient Demand.

It stated further that this indebtedness would be presented to the court for allowance at its next term. The only informality was the omission to put the contents of this paper in the form of a statement of indebtedness against the estate, without the use of the prefatory words of notice to the administrator. These words were mere surplusage which did not affect the otherwise clear and complete statement of the nature of the demand or causes of action arising upon the notes and demands copied into "the notice of demand" served on the administrator and filed as and for a statement of the demand and indorsed by the clerk of the probate court and upon which the parties went to trial, without objection to its formal sufficiency—both in the probate and circuit courts.

In courts where no formal pleadings are required, such as probate and justice's courts, a statement of facts constituting a cause of action is sufficient, if it advise the opposite party of the nature of the claim and be sufficiently specific to bar another action. [Iba v. Railroad, 45 Mo. 469.]

The notice of demand filed with the clerk of the probate court in this case met this test. It, therefore, did not show on its face a "total failure to state any cause of action." Not being subject to that objection, no other can be urged against it on this appeal, which brings up only the record proper.

Our conclusion is, that the pleadings supported the judgment of the circuit court; and it is affirmed. *Woodson, P. J., Lamm* and *Graves, JJ.,* concur.