THE STATE EX REL. JOHN McH. DEAN and EUGENE G. DEAN, Executors of Estate of OWEN M. DEAN, v. CHARLES H. DAUES ET AL., Judges of St. Louis Court of Appeals.—14 S. W. (2d) 990.

Division One, February 28, 1929.

1128

*Peter T. Barrett* and *Joseph Block* for relators.

1130

*Robert M. Zeppenfeld* for respondent.

SEDDON, C.—This is an original proceeding in certiorari, commenced in this court, wherein the relators seek to quash the opinion, judgment and record of the St. Louis Court of Appeals in a certain cause or proceeding, lately ruled on appeal by said Court of Appeals,

entitled "Katherine Dean, Plaintiff and Respondent, v. John McH. Dean and Eugene G. Dean, Executors of Estate of Owen M. Dean, deceased, Defendants and Appellants." The ground upon which the quashal of the opinion and record of said Court of Appeals is sought by relators is that the opinion and decision of that court is in conflict with certain prior and controlling decisions of this court. The opinion of the respondent Court of Appeals in the above mentioned cause or proceeding is reported at length in Dean v. Dean, 1 S. W. (2d) 235.

The opinion of respondents discloses that the said proceeding originated in the Probate Court of the City of St. Louis upon the filing therein by Katherine Dean of a claim or demand against the estate of Owen M. Dean, deceased, which estate was in process of administration in said probate court. The relators herein are the duly appointed and acting executors of said estate. Respondents' opinion recites that the claim or demand of Katherine Dean is for the value of personal services claimed to have been performed by said Katherine Dean in nursing and caring for one Mrs. Mary Monaghan, an aged sister of the decedent, Owen M. Dean, at the decedent's instance and request. The demand of Katherine Dean was disallowed by the Probate Court of the City of St. Louis, and from the order of disallowance the claimant, Katherine Dean, appealed to the Circuit Court of the City of St. Louis, in which latter court the proceeding was tried de novo before a jury, resulting in a verdict in favor of the claimant in the sum of $4062, and judgment was entered in conformity with said verdict against the decedent's estate. The executors of said estate were allowed an appeal from the judgment so entered to the St. Louis Court of Appeals, which latter court, by its opinion and decision under review herein, affirmed the judgment of the circuit court. The opinion of respondents discloses that the merit of claimant's demand was tried and submitted to a jury in the circuit court upon substantial evidence tending to prove that the claimant, Katherine Dean, was employed by decedent to nurse and care for his sister, Mrs. Monaghan, and that the reasonable value of claimant's services approximated the amount allowed her by the verdict of the jury. The question of the merit of claimant's demand against decedent's estate is therefore wholly one of fact, and that question was passed upon and determined by the jury as the exclusive triers of the facts; hence, such question of fact is not involved, or to be reviewed and considered, in the original proceeding now before this court. The opinion of respondents further discloses that it was strenuously urged in the Court of Appeals by the defendant executors of said estate (who are the relators here) that a peremptory instruction, directing the jury to find for the defendant executors, should have been given by the circuit court, for the reasons (a) that the demand of claimant, Katherine Dean, was not presented to the probate court for allowance within one year after the granting of

letters testamentary on the said estate of decedent, and (b) that claimant failed to exhibit her demand to the executors of said estate for allowance within one year after the date of the granting of said letters testamentary; wherefore, insistence was made by the defendant executors that claimant's demand is barred by the special statute of limitation, sometimes called the Statute of Non-Claim (Secs. 182 and 186, R. S. 1919). Respondents concede (in the opinion) that the questions so raised by the defendant executors are dependent upon the construction of certain sections of our statute respecting the administration of estates of decedents, and relating particularly to the matter of the exhibition, presentment and allowance of demands against the estate of a decedent, as said sections of the statute are set out in the Revised Statutes of Missouri 1919. The pertinent sections of the statute so construed by respondents are quoted in the opinion, as follows:

"Sec. 182. All demands not thus exhibited in one year shall be forever barred, saving to infants, persons of unsound mind or imprisoned, and married women one year after the removal of their disability, and said one year shall begin to run from the date of the granting of the first letters on the estate where notice shall be published, the first insertion within ten days after letters are granted; and in all other cases said one year shall begin to run from the date of the first insertion of the publication of the said notice.

"Sec. 185. Any person may exhibit his demands against such estate by serving upon the executor or administrator a notice, in writing, stating the amount and nature of his claim, with a copy of the instrument of writing or account upon which the claim is founded; and such claim shall be considered legally exhibited from the time of serving such notice, or a waiver of such notice, in writing, by the executor or administrator.

"Sec. 186. No claimant shall avail himself of the benefit of the preceding section unless he shall exhibit his demand to the administrator in the manner provided by law, for allowance, within one year after the date of granting of the first letters on the estate, or the first insertion of the publication of notice of the grant of such letters as provided for in Section 182 of this article, nor unless he shall within the said time also present his said demand to the probate court.

"Sec. 194. Any person desiring to establish a demand against any estate shall deliver to the executor or administrator a written notice containing a copy of the instrument of writing or account on which it is founded, and stating that he will present the same for allowance at the next regular or adjourned term of court.

"Sec. 195. Such notice shall be served on the executor or administrator by delivering to him a copy thereof, or by leaving a copy of the same at his usual place of abode with some member of his family over the age of fifteen years, ten days before the beginning

of such regular or adjourned term of the court, and may be served by any sheriff or constable or by any competent witness, who shall make affidavit to such service.

"Sec. 196.  The executor or administrator may appear in court, or, by writing, waive the service of any such notice."

The construction given by respondents to the several quoted sections of the applicable statute, the reasoning of the respondents in arriving at such construction, and the evidentiary facts found by respondents as the basis of the legal conclusions reached, are thus stated in respondents' opinion under review herein:

"There is no dispute but that the one-year period of limitation for the filing of claims against the estate of the deceased expired on January 5, 1922.  As to the warmly contested issue respecting the timely filing of the claim in suit, the facts, as fixed by the verdict of the jury, are that the original claim was duly exhibited to defendants as executors on such date, and that on the same day an identical copy of the claim so exhibited was filed in, or presented to, the probate court.  It would seem, however, that the affidavit of the officer as to the fact of service was not made by him until January 6, 1922, at which time he returned the original document to the then attorney for plaintiff, by whom such original claim was also filed, presumably on the same day, in the probate court.

"Before coming to a discussion of the precise points now in controversy, the exact status of the case before us may be considerably clarified by the elimination of certain features as to which no issue is, or may be, made.  For instance, it may not be questioned but that there was a full compliance by plaintiff with Section 185, supra, inasmuch as the claim was in writing, stated the amount and nature thereof, and was duly exhibited to both executors within the year, as required by Section 182.  It must also be borne in mind that the exhibition prescribed by Section 185 is for the purpose of *classification* of the claim, regarding which there could be no just ground for controversy between the parties in the instant case.  From the very nature of the claim here involved it could never have risen to the dignity of a higher class than the fifth (Sec. 181, R. S. 1919) ; and having been exhibited within the last six months of the year, it arbitrarily fell into the sixth class.  Thus it is manifest that no rights were foreclosed to the estate by reason of such belated exhibition, and that plaintiff herself could be the only one to suffer thereby, in the event the assets of the estate should ultimately prove to be insufficient to meet all demands allowed against it.

"With the issue of classification out of the way there next arises for consideration the question of *timely exhibition and filing for allowance,* as required by Section 186.  Such section by its terms relates to Section 185 (Home Insurance Co. v. Wickham, 281 Mo. 300, 219 S. W. 961), and, in substance, provides that the claim shall be exhibited and filed for allowance within the year.  As we view the

case, a substantial compliance by plaintiff with Section 186 was shown. The claim, having been sufficient in form, as required by Section 185, and having been both exhibited to the executors of the estate, and filed in the probate court before the one-year period of limitation had elapsed, was duly presented to the court, in the sense of the statute, from the date of its filing, which was within, though on the last day, of the year. [Rassieur v. Zimmer, 249 Mo. 175, 155 S. W. 24; Keys v. Keys, 217 Mo. 48, 116 S. W. 537; Home Insurance Co. v. Wickham, supra; Price v. McCause, 30 Mo. App. 627.] Thereafter it was incumbent upon defendants, under such circumstances as we shall proceed to discuss, to appear in court at the proper time in order to resist the claim, if they chose, as they in fact did when the same subsequently came up for a hearing on the merits.

"We are now brought to a discussion of the first irregularity in the proceedings, which might have proved fatal under different circumstances; that is, if proper advantage had been taken of it. It will be observed that plaintiff was required by Sections 194 and 195 to serve upon the executors a notice filling the office of a summons, ten days before the next term of court, stating that it was her purpose to present her claim for allowance; that is, for an actual hearing on the merits, at such term. Unfortunately this notice was not served, thus raising the question of a waiver by defendants, inasmuch as they duly appeared at such term, filed a motion to make the claim more definite and certain, and thereafter contested the same.

"Counsel for defendants, in his very able brief, having misconceived the issue, argues that defendants did not waive *the exhibition required by Section 186*, because their appearance was after the year. Certainly he would be quite correct in this contention in a proper case, but here there is no reason for a discussion of a possible waiver of the exhibition required by Section 186, because, as we have shown above, there was not only a timely exhibition, but also a filing of the claim by plaintiff, as specified in such section. What defendants did waive was *the service of notice or summons*, as required by Section 194, which contingency is expressly covered by Section 196, providing that by an appearance in court (to the merits) an executor or administrator waives the necessity for such notice.

"In view of these conclusions, and having in mind the peculiar facts of this case, we think that the action taken by plaintiff, looking to the establishment of her demand, was such as to have avoided the bar of the Statute of Non-Claim, and that defendants' requested peremptory instruction in the nature of a demurrer to all the evidence was properly refused."

I. Respective counsel have briefed and argued this original proceeding as though the same were before this court on appeal, and they have cited in support of their respective contentions certain

decisions of the courts of appeals of this State, as well as the decisions of appellate courts of foreign jurisdictions. This being an original proceeding in certiorari in this court under Section 8 of the Amendment of 1884 to Article VI of the Constitution of Missouri, which provides that "the Supreme Court shall have superintending control over the Courts of Appeals by . . . certiorari," therefore, the sole and single question which this court may determine in the present proceeding is whether respondents' opinion (under review herein) must be quashed for the reason that the opinion contravenes a prior and controlling decision of this court as regards any general principle of law announced by this court, or which has ruled an identical question of law, or which has been ruled upon a like or similar state of facts. [State ex rel. v. Reynolds, 287 Mo. 169; State ex rel. v. Reynolds, 289 Mo. 506; State ex rel. v. Allen, 294 Mo. 214; State ex rel. v. Trimble, 250 S. W. 384.] Inasmuch as the question ruled and decided by respondents in the opinion under review herein is entirely one of statutory construction, the precise question before this court for determination in this original proceeding is, therefore, whether the opinion and decision of respondents is in conflict with a prior decision of this court which construes the same statute, and which statutory construction so announced by this court is controlling upon respondents in the present proceeding.

Relators claim that the construction given by respondents to the above-quoted sections of the Administration Statute is at variance with, and contravenes, the construction given to the same sections of the administration statute by this court in the case of Home Insurance Co. v. Wickham, 281 Mo. 300, 219 S. W. 961.

In the case of Home Insurance Co. v. Wickham, supra, this court was called upon to construe the corresponding sections of the Administration Statute contained in Revised Statutes of 1909, as said sections were thereafter amended by seven separate acts of the General Assembly of 1911, all approved on March 13, 1911, and which became effective on June 19, 1911. [Laws 1911, pp. 78 to 86, inclusive.] The effect of said several acts of 1911 was to amend ten sections of the Administration Statute as contained in the statute revision of 1909, and the evident purpose of such amendments was to shorten the time for the administration of estates of decedents from two years to one year. In 1917, certain of said sections of the revision of 1909, as amended in 1911, were further amended, in some particulars, and were re-enacted (Laws 1917, p. 91 et seq.), but such amendments of 1917 have no material bearing or effect upon the question of statutory construction involved herein. The sections of the statute revision of 1909, as so amended in 1911 and 1917, have been carried forward in the revision of 1919, Sections 182, 185, 186, 194, 195 and 196, Revised Statutes 1919, being the particular sections of the administration law involved herein. In

construing those sections of the present administration law, the opinion of this court in Home Insurance Co. v. Wickham, supra, makes reference to the corresponding sections of the statute as contained in the statute revision of 1909, prior to their amendment in 1911. In order, therefore, to better understand and comprehend the meaning and extent of the decision of this court in the Home Insurance Co. case, supra, and our construction of the effect of the several amendments of 1911 upon the several sections of the statute revision of 1909, we quote the corresponding sections of the Revised Statutes of 1909, as said sections existed prior to the amendments of 1911, as follows:

Section 191, Revised Statutes 1909: "All demands not thus exhibited in two years shall be forever barred, saving to infants, persons of unsound mind or imprisoned, and married women, two years after the removal of their disability, and said two years shall begin to run from the date of the letters where notice shall be published within thirty days, as provided in section 82, and in all other cases said two years shall begin to run from the date of publication of the notice."

Section 194, Revised Statutes 1909: "Any person may exhibit his demands against such estate by serving upon the executor or administrator a notice, in writing, stating the amount and nature of his claim, with a copy of the instrument of writing or account upon which the claim is founded; and such claim shall be considered legally exhibited from the time of serving such notice, or a waiver of such notice, in writing, by the executor or administrator."

Section 195, Revised Statutes 1909: "No claimant shall avail himself of the benefit of the preceding section unless he shall present his demand to the court in the manner provided by law, for allowance, within two years after the granting of the first letters on the estate, or the publication of notice of the grant of such letters as provided for in section 191 of this article."

Section 203, Revised Statutes 1909: "Any person desiring to establish a demand against any estate shall deliver to the executor or administrator a written notice containing a copy of the instrument of writing or account on which it is founded, and stating that he will present the same for allowance at the next regular or adjourned term of court."

Section 204, Revised Statutes 1909: "Such notice shall be served on the executor or administrator by delivering to him a copy thereof, or by leaving a copy of the same at his usual place of abode with some member of his family over the age of fifteen years, ten days before the beginning of such regular or adjourned term of the court, and may be served by any sheriff or constable or by any competent witness, who shall make affidavit to such service."

Section 205, Revised Statutes 1909: "The executor or administrator may appear in court, or, by writing, waive the service of any such notice."

The case of Home Insurance Co. v. Wickham, supra, involved the construction of the aforesaid sections of the Revised Statutes of 1909, as amended by the General Assembly in 1911. The said cause, or action, was commenced in the Circuit Court of Dunklin County against the defendant administrator *de bonis non* of the estate of J. A. Wickham, deceased, to recover upon a promissory note executed by the decedent. The decedent, J. A. Wickham, died on September 9, 1911 (after the aforesaid amendments of 1911 became effective), and letters testamentary were granted and issued on decedent's estate by the Probate Court of Dunklin County on September 19, 1911, and notice of the issuance of letters testamentary on said estate was immediately commenced and published for the requisite period of time. On April 4, 1912, slightly more than six months after the date of granting of said letters testamentary, plaintiff exhibited to the administratrix of decedent's estate the said promissory note as a demand against the estate, and notified the administratrix of said estate that said demand would be presented to the Probate Court of Dunklin County for allowance at the next term of said court, being in April, 1912. On April 15, 1912, the demand was presented to the probate court, the respective parties being present, and a trial thereon resulted in a partial allowance of the demand. An appeal was prosecuted to the Circuit Court of Dunklin County, where the proceeding was voluntarily dismissed by the claimant on July 29, 1912. On September 28, 1912, more than one year after letters testamentary had been granted and issued on the estate of decedent, the second action was begun by plaintiff (claimant) in the Circuit Court of Dunklin County upon the same demand. The sole question for decision by this court in the latter cause, or action, was whether plaintiff's demand was barred by the one-year special statute of limitation, or so-called Statute of Non-Claim, being Sections 191 and 195, Revised Statutes 1909, as amended by the Laws of 1911 (now Secs. 182 and 186, R. S. 1919). Plaintiff contended that, as the demand was exhibited to the administratrix of decedent's estate on April 4, 1912, and was presented to the Probate Court of Dunklin County for allowance on April 15, 1912, both of which acts occurred within seven months of the granting of letters testamentary on decedent's estate, therefore the demand was not barred by the special statute of limitation of one year, and could not be barred except by the general statute of limitation, prescribing the time within which actions may be brought on written obligations for the payment of money. This court therein ruled that the plaintiff's demand was barred by the special statute of limitation of one year. In reaching a decision in said cause, this court found it necessary to review at considerable length the development and history of the administration statutes

1138

of this State, and to construe the aforesaid sections of the Revised Statutes of 1909, as amended by the Laws of 1911. In construing those sections of the statute, as amended, GOODE, J., speaking for this court, said (bearing in mind that the citations to the several sections of the administration statute, made by the author of the opinion, refer to the sections of the statute as contained in the statute revision of 1909):

"Plaintiff's position is that under the amendments of 1911, the statute of the administration law, prescribing the period which will bar the allowance of demands against estates, no longer ran against plaintiff's demand after it had been exhibited to the administratrix; or, if that is not true, the running of said limitation statute ceased upon the presentation for allowance on April 15th, notwithstanding the proceeding was dismissed later. In 1911 ten amendments of the administration law were enacted, all approved on March 13th of said year. The purpose, either declared or apparent, of seven of those amendments was to shorten the time wherein certain proceedings in the course of administration might be taken, . . . with the view thereby to expedite the winding up of estates and enable them to be settled within a minimum period of one year, instead of two as theretofore provided. [Laws 1911, pp. 78 to 86 inclusive.] . . . Plaintiff's first contention is, as stated above, that as Section 195, after its amendment, no longer required a demand to be presented to the court for allowance in order to stop the running of the special statute, nothing was required to stop it except an exhibition to the executor or administrator, which in plaintiff's case was made on April 4, 1912, and thereafter it could only be barred by the general statute of limitations. The claim of plaintiff was exhibited on that day in the mode authorized by Section 194; that is, by serving the administratrix with a notice in writing, showing the amount and nature of the claim, and with a copy of the note. Section 195 (as amended) says no claimant shall avail himself of the preceding section, 'unless he shall exhibit his demand to the administrator in the manner provided by law, for allowance, within one year after the granting of the first letters,' etc. Did the Legislature intend, by striking out of said section the words explicitly requiring a demand to be *presented to the court* for allowance and substituting words explicitly requiring it to be *exhibited* to the *administrator*, to make the section simply a reiteration of the requirement of Section 191, as amended, that a demand must be exhibited 'against the estate' as provided in clauses five and six of Section 190, as amended, or be forever barred? Or was it rather the intention to require a *second exhibition to the administrator*, the first being, as we have suggested, for the purpose of placing the demand in a certain class as regards priority of payment, the second for the purpose of having it allowed? . . . The policy of legislation for so many years having been to exact, in order to suspend the running of the special limitation, something besides the

exhibition of a claim to an executor or administrator in order to fix the time of its payment out of the estate's assets, it is improbable that the Legislature, in amending Section 195 of the present statutes to provide for *exhibition* to the administrator for *allowance,* meant only to reiterate the necessity of the *exhibition* within a year for *classification* under Sections 190 and 191. To so hold would be to attribute to the Legislature the intention to dispense with presentation to a court within any time short of the general limitation period; which would be a radical change from the prior policy of the law and, moreover, would frustrate the declared purpose of most of the amendments of 1911 to shorten the period wherein final settlement can be made. Besides, if no more than the original exhibition to the executor or administrator was to be required, why retain, instead of omit, Section 195, when Section 191 would fully accomplish the purpose intended? Why, too, use the words *'for allowance,'* in connection with the required *exhibition* to the *administrator;* words not used in the preceding sections (190, 191), but instead the words 'exhibited against the estate?'

"We consider the deduction a fair one from the particulars noted, that the first part of Section 195, as amended, was intended to prescribe a *second proceeding* to be taken by a claimant to prevent his claim from being barred by the one-year limitation. What is that proceeding? Providing for exhibiting to the administrator 'for allowance' might be deemed to imply that an administrator was empowered to allow a demand against an estate; but it is clear the words used are not positive enough to show an intention either to confer such a power, or to imply that it already existed. Demands must be established by the judgment of a court. [R. S. 1909, secs. 197, 198, 206; Langston v. Canterbury, 173 Mo. 122.] The requirement of an *exhibition to the administrator for allowance* within the year, to be an effective act and not merely a useless ceremony, must mean an exhibition to him *in a proceeding to have the claim allowed.* This proceeding could be by an action in court in the ordinary mode (Sec. 197), or by presentation to the probate court (R. S. 1909, secs. 198, 206); and, *in the latter event, the proceeding would be initiated in the manner provided by the statutes; namely, by the claimant delivering to the executor or administrator, ten days in advance of the term at which he intended to present the claim, a written notice and copy of the instrument of writing or account on which the claim was founded, with the statement that it would be presented for allowance at the next regular or adjourned term.* [R. S. 1909, secs. 203, 204, 205.]

"Plaintiff asserts there was a second exhibition to the administrator when the demand was presented to the probate court, April 15, 1912, to have it allowed—the proceeding subsequently dismissed. That exhibition, though not followed up to a judgment, would have sufficed for the purpose of *classification,* had the one of April 4th been

omitted; *but we think it did not suffice to stop the special. statute. . . . .* We hold further that the second exhibition to the administrator, for allowance, includes not merely serving him with notice and a copy of the demand in accordance with Sections 203 and 204 (R. S. 1909), but carrying the proceeding forward by presenting the demand to the court according to the notification, or at furthest, within the year; . . . No less can be accepted as an effectual compliance with the requirement of an *exhibition for allowance,* without defeating the whole policy of the administration law, to have the claims allowed only by a court, and the whole policy of the amendments of 1911 to expedite final settlements.''

A careful and thoughtful analysis of the opinion of this court in Home Insurance Co. v. Wickham, supra (the pertinent portions of which opinion we have just quoted), which opinion construes the purpose, intent and meaning of Section 186, Revised Statutes 1919 (the same being Sec. 195, R. S. 1909, as amended in 1911 and 1917), discloses, we think, that our conclusion and holding therein is to the effect that a claimant having a demand against an estate of a decedent, in order to prevent his demand from being barred by the one-year special statute of limitation, must make, within such year, a *second exhibition* of his demand to the administrator or executor of said estate, *for the allowance* of such demand, which means (the opinion further holds) an exhibition to the administrator or executor in a judicial proceeding to have the demand allowed, either by an action in court in the ordinary mode, or by presentation of the demand for allowance to the probate court in which such estate is pending, and, if such exhibition is made by presentation of the demand to the probate court, then the proceeding is *initiated,* or commenced, in the mode, or manner, provided by Sections 194 and 195, Revised Statutes 1919 (the same being Secs. 203 and 204, R. S. 1909), namely, by the claimant serving upon, or delivering to, the executor or administrator, ten days before the beginning of the term of the probate court at which the claimant intends to present his demand for allowance, a written notice, containing a copy of the instrument of writing or account upon which the demand is founded, with the statement that the claimant will present the demand for allowance at the next regular or adjourned term of the probate court. Obviously, the notice last mentioned, prescribed by Sections 194 and 195, Revised Statutes 1919, is a wholly separate, distinct and different notice from the one prescribed by Section 185, Revised Statutes 1919, which has only to do with the mode of *exhibiting* a demand for *classification.* The distinction between the two separate and different notices was recognized and fully discussed by this court in the early case of Pfeiffer v. Suss, 73 Mo. 245, 1. c. 254, 255, wherein it was said: ''Exhibiting a claim for *classification* and presenting it for *allowance,* are different steps.''

It is found and conceded by respondents, in the opinion herein, that the one-year period of limitation, prescribed by Sections 182 and 186, Revised Statutes 1919, for the *exhibition* of demands, both for the purpose of *classification* and also for the purpose of *allowance,* against the estate of Owen M. Dean, deceased, expired on January 5, 1922, the date on which the claimant, Katherine Dean, purported to exhibit her demand (in the mode prescribed by Sec. 185, and *not* in the manner prescribed by Secs. 194 and 195, R. S. 1919) to the relators, as the executors of said estate, and on which date she also filed a copy of the demand in the Probate Court of the City of St. Louis. It is also conceded by respondents in the opinion that the notice required by Sections 194 and 195, Revised Statutes 1919, was not served upon, or delivered to, said executors, for respondents say in the opinion, ''Unfortunately this notice was not served.'' Therefore, the proceeding for the *allowance* of claimant's demand was not *initiated,* or commenced, in the probate court within the one-year period of limitation, under the statutory construction, ruling and decision of this court in Home Insurance Co. v. Wickham, supra, which *initiation,* or commencement, of the proceeding in the probate court would be in the mode, or manner, provided by Sections 194 and 195, Revised Statutes 1919, namely, by the claimant serving upon, or delivering to, the executors of said estate, ten days before the beginning of the term of the probate court at which the claimant intends to present the demand for allowance, a written notice, containing a copy of the instrument of writing or account upon which the demand is founded, with the statement that claimant will present the demand for allowance at the next regular or adjourned term of the probate court. The claimant having failed to *initiate,* or commence, a proceeding in the probate court for the *allowance* of her demand, in the mode prescribed by Sections 194 and 195, Revised Statutes 1919, within one year after the date of the granting of letters testamentary on said estate, she thereby failed to *exhibit* her demand to the executors ''*in the manner provided by law, for allowance,*'' as required by Section 186, Revised Statutes 1919. Such was the substance and effect of the decision and ruling of this court in Home Insurance Co. v. Wickham, supra, in construing the same statute.

Respondents, however, in support of the conclusion reached in their opinion herein, rely upon the decisions of this court in Keys v. Keys, 217 Mo. 48, and Rassieur v. Zimmer, 249 Mo. 175, which decisions, in effect, hold that a demand, sufficient in form, which is lodged, *after proper notice to the administrator or executor,* with the clerk of the probate court, and accordingly filed by said clerk, before the statutory period of limitation for presenting demands to the probate court for allowance has elapsed, is ''*presented*'' to the court in the sense of the statute, from the date of its filing with the clerk of the probate court. However, the two decisions of this court last

mentioned were ruled, in view of the statute then in force and effect (Sec. 195, R. S. 1909; Sec. 189, R. S. 1899), and before the said statute was amended (in 1911) so as to require a separate and distinct *exhibition* of the demand to the *administrator or executor for allowance*. The statute effective at the time of the two decisions just mentioned read as follows: "No claimant shall avail himself of the benefit of the preceding section unless he shall present his demand to the court in the manner provided by law, for allowance, within two years after the granting of the first letters on the estate," etc. Furthermore, the opinion of this court shows, in each of the two cited cases, that the claimant, before filing his demand in the probate court, had delivered to, or caused to be served upon, the administrator of decedent's estate the prescribed statutory notice, containing a copy of the instrument of writing or account on which the demand was founded, with the statement that the claimant would present the same for allowance at the next regular or adjourned term of the probate court. The opinion in the Rassieur case discloses that the statutory notice, to the effect that claimant's demand would be presented for allowance at the next term of the probate court, was served upon the administrator of the decedent's estate on April 5, 1907, more than ten days before the next term of the probate court, which was held in June, 1907, and that such statutory notice was served upon the administrator before the period of limitation, prescribed by the special statute for the exhibition and presentment of demands, had elapsed. In the Keys case, the opinion discloses that, while the statutory notice that claimant's demand would be presented for allowance at the next term of the probate court was served upon the administrator of decedent's estate only two days (instead of ten days) before the commencement of the next term of the probate court, yet the administrator indorsed upon the original of the notice so served upon him his written statement, acknowledging that the demand had been exhibited to him for allowance against the estate, and that he thereby entered his appearance to the next term of the probate court, which written statement, acknowledgment of service of the statutory notice, and entry of appearance of the administrator was signed by the administrator before the special statute of limitation had run upon claimant's demand. Hence, in each of the cited cases, the proceeding for the allowance of the demand was *initiated*, or commenced, in the probate court, within the period of limitation provided by the special statute, by the service and delivery of the notice required by the then effective statute (now Secs. 194 and 195, R. S. 1919). The decisions of this court in Keys v. Keys, and in Rassieur v. Zimmer, supra, are therefore entirely consistent with our later decision and ruling in Home Insurance Co. v. Wickham, supra, which later decision (it must be borne in mind) construed the administration statute as amended in 1911 and 1917, and as operative and effective after those years.

We think that respondents' opinion, in holding that the claimant, Katherine Dean, substantially complied with the requirements of Section 186, Revised Statutes 1919, in exhibiting and presenting her demand for allowance, contravenes the ruling, and the construction given to the same statute, as announced by this court in our decision and opinion in Home Insurance Co. v. Wickham, 281 Mo. 300. Respondents' opinion herein clearly discloses that there was no *exhibition* to the executors of the Owen M. Dean estate, for *allowance* of claimant's demand, in the mode or manner required by Sections 186, 194, and 195, Revised Statutes 1919, as this court has construed said sections of the administration statute in the Home Insurance Company case; therefore, the claimant's demand is barred by Section 186, Revised Statutes 1919, which section specifically requires that the claimant "shall *exhibit* his demand to the administrator *in the manner provided by law, for allowance,* within one year after the date of granting of the first letters on the estate, or the first insertion of the publication of notice of the grant of such letters," unless it can be rightly held that the defendant executors (relators) have waived the bar of the special statute of limitation, or the so-called Statute of Non-Claim, by their voluntary appearance in the probate court (to the merits of the demand) after the one-year period of limitation had elapsed.

II. Respondents furthermore find and rule, in their opinion herein, that "the action taken by plaintiff (claimant), looking to the establishment of her demand, was such as to have avoided the bar of the Statute of Non-Claim," thereby holding, in effect, that the defendant executors (relators), by their subsequent appearance to the merits of claimant's demand in the probate court, after the one-year period of limitation had elapsed, waived the bar of the one-year special statute of limitation. Relators claim that respondents' opinion, in so ruling and holding, contravenes the prior and controlling decision of this court in Madison County Bank v. Suman's Administrator, 79 Mo. 527.

In the Madison County Bank case, supra, the plaintiff, a foreign banking corporation, instead of originally and directly presenting its demand for allowance in the probate court wherein the Suman estate was in course of administration, brought an action to recover upon its claim in the Circuit Court of the United States for the Western District of Missouri. Plaintiff's action was commenced in said Federal court within one year after the granting of letters of administration on said estate, but the return of the officer, indorsed upon the summons or process therein, disclosed that the process was not served upon the administratrix of said estate in the manner provided by the statute, and therefore the attempted service thereof upon the administratrix was defective and void, and was ineffective to subject the administratrix to the jurisdiction of the Federal court. There-

after, but more than one year after the granting of letters of administration upon said estate, a successor administrator of the estate (the original administratrix having meanwhile resigned her office) appeared in the Federal court by filing an answer to plaintiff's petition therein, and said action was thereupon tried in that court upon the merits of plaintiff's claim, resulting in a judgment in favor of the plaintiff bank. Afterward, said judgment of the Federal court was presented by plaintiff bank in the probate court for allowance as a demand against Suman's estate. The administration statute then in force provided that all demands legally exhibited against an estate within one year after the granting of letters on said estate shall be placed in the fifth class of demands, and that all actions commenced against an administrator of an estate "shall be considered demands legally exhibited against such estate from the time of serving the original process on such administrator." All demands not thus legally exhibited within one year after the granting of letters upon an estate were placed by the statute in the sixth class of demands. The plaintiff bank contended that it was entitled to have its judgment, obtained in the Federal court against the Suman estate, classified as a fifth class demand, whereas the administrator of said estate contended that the judgment must be classified as a sixth class demand. In ruling the question adversely to plaintiff bank, this court therein said (79 Mo. 1. c. 532): "It is next contended by appellant's counsel that when the administrator entered his appearance to the action (in the Federal court) by filing answer, he waived the defect in the service of the summons. For the purpose of conferring jurisdiction on the court over the person of the defendant, so as to authorize the judgment rendered therein, the appearance had such effect. But when the appearance was made, more than one year had run after the grant of the letters of administration, and such waiver did not, for the purpose of notice of the demand under the Administration Law, have relation back so as to become operative from the date of the attempted service of the writ. In Etheridge v. Woodley, 83 N. C. 11, the court say: 'While a general appearance by attorney will dispense with the process to bring a defendant into court, such appearance has no retrospective effect, and is not equivalent to service in time to avoid the Statute of Limitations when the statutory period had elapsed before the entry of appearance.'"

The doctrine thus announced by this court in the Madison County Bank case, supra, was followed by the St. Louis Court of Appeals in the case of Wencker, Admr., v. Thompson's Administrator, 96 Mo. App. 59, 65, wherein it is said: "The notice which constitutes an exhibition of a demand to an administrator may, indeed, be waived by him; but in that event *the date of the waiver is to be taken as the date of the exhibition or presentment of the demand.* [Madison Co. Bank v. Suman, 79 Mo. 527.]" (Italics ours.)

The aforesaid ruling of this court in the Madison County Bank Case, supra, is in consonance with the rule, or doctrine, as announced by the leading text-writers, and as established by the weight of authority in other jurisdictions. Mr. Woerner, in his recognized standard treatise on the American Law of Administration (3 Ed.), section 402, page 1326, says: "The Statute of Non-Claim, or of limitation specially to estates of deceased persons, is in most States applied more rigorously than the general Statute of Limitation. . . . *The executor or administrator cannot waive it.*" And in 24 Corpus Juris, 370, it is said: "The personal representative being in a sense a trustee for all the parties interested in the estate, it is his duty to protect them against every demand which is not legally enforceable against the estate. As a general rule therefore *he cannot waive the requirements of the statutes of non-claim*, and if he pays a claim which has not been duly presented he is not entitled to credit for the payment." (Italics ours.)

It is true, as stated by respondents in the opinion under review herein, that the statute (Sec. 196, R. S. 1919) provides that "the executor or administrator may appear in court, or, by writing, waive the service of the notice" required by Section 194, Revised Statutes 1919. But respondents apparently have overlooked the fact that the notice required by said Section 194 is intended and designed to perform a double purpose and office: (1) it serves as an *exhibition* (to the administrator or executor of an estate) of a claimant's demand for the purpose of the *allowance* of such demand; and, (2) it performs the office of an ordinary summons, by virtue of which, when properly served, the probate court acquires jurisdiction over the person of the administrator or executor in the judicial proceeding for the allowance of the demand. While (as held by this court in Madison County Bank v. Suman's Admr., supra) the appearance of the executors of the Owen M. Dean estate in the Probate Court of the City of St. Louis was a waiver of the service of summons upon them, and therefore resulted in conferring jurisdiction on that court over the persons of the executors, nevertheless, such appearance, when viewed as a waiver of the *exhibition of the demand to the executors for allowance*, did not have relation back to the time (January 5, 1922) when such demand should have been *exhibited to the executors for allowance*, in order to have avoided the bar of the Statute of Non-Claim, as required by Section 186, Revised Statutes 1919. For the latter purpose, the date of the voluntary appearance of relators in the probate court, which is to be regarded as the date of their waiver of the service of notice of the presentment of claimant's demand in the probate court, must be taken as the date of the *exhibition* of the demand for *allowance*, which date (according to respondents' opinion) was after the one-year period of limitation, prescribed by the Statute of Non-Claim, had elapsed.

We find the opinion of respondents (in holding that the action taken by the claimant, Katherine Dean, looking to the establishment of her demand, was such as to have avoided the Statute of Non-Claim) to be in conflict with the prior and controlling decisions of this court in Home Insurance Co. v. Wickham, 281 Mo. 300, and in Madison County Bank v. Suman's Administrator, 79 Mo. 527. It follows, therefore, that the opinion, judgment and record of the St. Louis Court of Appeals herein must be quashed, and it is so ordered. *Lindsay* and *Ellison, CC.,* concur.

PER CURIAM:—The foregoing opinion by SEDDON, C., is adopted as the opinion of the court. All of the judges concur.

### ON MOTION FOR REHEARING.

SEDDON, C.—Respondents urge, in their motion for a rehearing of this certiorari proceeding, that the construction given by this court, in Home Insurance Co. v. Wickham, 281 Mo. 300, to the several sections of the Administration Law, or statute, as amended by the General Assembly in 1911, and particularly the construction given to Section 195, Revised Statutes 1909, as amended in 1911 (now Sec. 186, R. S. 1919), is *obiter dictum*, and was unnecessary to a decision of that cause; hence, it is insisted that respondents were not bound to follow the construction given to the several sections of the administration statute by this court in our opinion and decision in the Home Insurance Co. case, for the reason that what this court may have said in the opinion in that cause by way of *dictum* is not "controlling authority" upon respondents, as judges of the St. Louis Court of Appeals, within the meaning and application of Section 6 of the Amendment of 1884 to Article VI of the State Constitution. A further study and analysis of our opinion in the Home Insurance Co. case, however, convinces us that no portion of such opinion was *dictum*, and that all that was said by this court in that opinion, including our construction of the several sections of the Administration Statute, was necessary to a decision of the issues presented and joined in that cause. Therefore, the decision and opinion of this court in the Home Insurance Company case, supra, was the "last previous ruling" of this court on a question of law, and is "controlling authority" in the several Courts of Appeals, at least, until our ruling and holding in said cause has been modified or overruled by this court. We see no good or sufficient reason for modifying or overruling our opinion and decision in the Home Insurance Company case.

It is furthermore urged by the respondents in their motion for rehearing, as it was likewise strenuously urged by respondents upon the original submission of this proceeding, that our construction of Section 195, Revised Statutes 1909, as amended in 1911 (now Sec.

186, R. S. 1919), in the Home Insurance Company case, supra, has the effect, under certain hypothetical circumstances and in certain hypothesized instances, of requiring a claimant to exhibit his demand to the administrator or executor of a decedent's estate, and to present, or file, his demand in the probate court, for allowance, within 355 days, in order to prevent the bar of the special statute of limitation, whereas said section of the administration statute clearly and positively provides, and evinces the intention of the Legislature, that every claimant shall have a full and entire year, or 365 days, within which to exhibit his demand to the administrator or executor of a decedent's estate, and to present, or file, the said demand in the probate court, for allowance. In other words, it is the claim and contention of respondents that this court, in construing Section 195, Revised Statutes 1909, as amended in 1911 (now Sec. 186, R. S. 1919), in the Home Insurance Company case, has reduced, by judicial construction, the time within which a claimant may exhibit his demand against a decedent's estate, and may present, or file, his demand in the probate court, for allowance, to 355 days, although the statute, in clear and positive terms, allows a claimant a full and entire year of 365 days within which to exhibit his demand to the administrator, and to file, or present, such demand in the probate court, for allowance.

For many years prior to the amendment of 1911 (Laws 1911, page 82), and ever since the statute revision of 1879 (Sec. 189, R. S. 1879), the statute (Sec. 195, R. S. 1909) provided: "No claimant shall avail himself of the benefit of the preceding section unless he shall *present* his demand to the court *in the manner provided by law,* for allowance, within two years after the granting of the first letters on the estate," etc. [Italics our own.] This court was called upon, in two decided cases, to construe such statute, prior to its amendment in 1911. [Rassieur v. Zimmer, 249 Mo. 175; Keys v. Keys, 217 Mo. 48.] Both of the cited cases are reviewed in our main opinion in this original proceeding. As we have said in the main opinion herein, the opinion of this court in the Rassieur case, supra, discloses, in the statement of the controlling facts in that case, that the claimant, before presenting, or filing, his demand against the decedent's estate in the probate court, for allowance, served upon the administrator of said estate the written notice required and prescribed by Section 203, Revised Statutes 1909 (now Sec. 194, R. S. 1919), containing a copy of the instrument of writing or account on which claimant's demand was founded, and stating that claimant would present the same for allowance at the next term of the probate court, which written notice was served upon, or delivered to, said administrator more than "ten days before the beginning of such regular or adjourned term of the (probate) court," as required and prescribed by Section 204, Revised Statutes 1909 (now Sec. 195, R. S. 1919). Said this court in that case, speaking through BOND, J.: "Plaintiff in error

(administrator) submits two questions to this court: (1) that the copy of the 'notice of demand' filed on April 8, 1907, as and for the demand of defendant in error (claimant), is not a statement of facts sufficient to constitute a demand against the estate of which plaintiff in error is administrator; (2) that the filing of this paper with the clerk of the probate court in vacation and a few days before the lapse of two years from the grant of letters of administration, not being followed by a presentation for allowance until the next term of the probate court when the statute of two years had run, is thereby barred. If the copy of demand filed as the basis of the claim against the estate in appellant's hands contains the elements of a cause of action for the sums therein mentioned and may be treated as a formal demand, then the second point relied upon by appellant must be ruled adversely, for this court has recently held that a demand, otherwise sufficient, which is lodged *after proper* (i. e., *statutory*) *notice to the administrator* with the clerk of the probate court and filed by him *before the statutory two years have elapsed,* is presented to the court, in the sense of the statute, from the date of its filing. [R. S. 1909, sec. 195; Keys v. Keys, 217 Mo. 1. c. 65.] As the notice of demand was thus deposited with the clerk of the probate court, and filed by him a few days before the expiration of the statutory limit for the presentment of claims, it falls within the purview of that ruling.'' [Italics and parenthetical clauses our own.]

In the Keys case, supra, as we have pointed out in our main opinion herein, the statement of the controlling facts, set out in our opinion in that case, discloses that the claimant served upon, or delivered to, the administrator of the decedent's estate the statutory written notice required by Section 203, Revised Statutes 1909 (now Sec. 194, R. S. 1919), stating that claimant would present his demand for allowance at the next term of the probate court, but that such written notice was not served upon the administrator ten days (but only two days) before the commencement of the next term of the probate court, as required by Section 204, Revised Statutes 1909 (now Sec. 195, R. S. 1919). The administrator of the Key's estate, however, indorsed upon the original of the statutory written notice served upon him his written statement, acknowledging that claimant's demand had been exhibited to him for allowance against decedent's estate, and that he thereby entered his appearance in the matter of said claim, or demand, to the next term of the probate court, all of which acts of the administrator were done before the special statute of limitation of two years had run against claimant's demand. In the Keys case, GRAVES, J., speaking for this court, said: ''Counsel seem to agree, in the briefs, that the suit was instituted in time to obviate the bar of the special statute of limitations. . . . From the findings of fact it appears that the *notice of claim* was served upon the administrator November 30th, but the claim itself was not filed with the (probate) court until Monday, December 2,

1901. If we exclude Sunday, as we should, as above indicated, this filing was in time. No action was taken by the court for several days thereafter, *but the notice was to the effect that the claim would be filed on December 2, 1901, and it was so filed.* If the claim was filed in the court within the time, it can make no difference as to when the court acted thereon. Claimants cannot always regulate the actions of courts, and all they have to do is to *present* their claims within the statutory period of limitations. Nor does 'presentation' as used in the statute mean that there should be an actual presentation to the judge and a hearing thereon, but if the claim is actually lodged with the court, through the file mark of its clerk, or otherwise, such is a sufficient presentation to meet the requirements of the law, although the judge of the court may not act thereon for days thereafter. . . . *In the case at bar the notice was that it would be presented at the next term of the court* on December 2, 1901, and on that day the claim was filed and marked filed. This was sufficient.'' [Italics our own.]

The gist of our rulings and holdings in the Rassieur and Keys cases, supra, therefore, was that a claimant's demand is deemed to be presented, or filed, in the probate court, for allowance, if, and when, the *proper* (i. e., the *statutory*) notice is served upon the administrator of decedent's estate, or such service of the statutory written notice is waived by the administrator, before the running and bar of the special statute of limitation. It seems to be clear, from what was said in the Rassieur and Keys cases, supra, in construing Section 195, Revised Statutes 1909, before its amendment in 1911, that this court deemed and considered it to be a necessary and prerequisite procedural step, leading to the presentation, or filing, of a claimant's demand for allowance in the probate court, and in order to give, or confer upon, that court jurisdiction of the claimant's demand, and the power to act thereon, that the claimant must serve upon, or deliver to, the administrator or executor of the decedent's estate the statutory written notice in the form, manner and time as required and prescribed by Sections 203 and 204, Revised Statutes 1909 (now Secs. 194 and 195, R. S. 1919), or that the service of such statutory written notice must be waived by the administrator or executor of the decedent's estate, and that such service of the statutory written notice, or the waiver thereof by the administrator or executor of decedent's estate, must be had and done before the special statute of limitation has run upon, and barred, the claimant's demand. It seems to be clear, also, that the effect of our construction of Section 195, Revised Statutes 1909, prior to its amendment in 1911, in the Rassieur and Keys cases, was to construe, and to hold, the clause, ''in the manner provided by law,'' as used in said section of the administration statute, and which clause has been retained in said section as amended (Sec. 186, R. S. 1919), to be referable to Sections 203 and 204, Revised Statutes 1909, which sec-

tions of the administration statute prescribe the form, manner and time of service of the written notice of the presentation, or filing of a claimant's demand in the probate court for allowance. Section 195, Revised Statutes 1909, was amended in 1911, and again in 1917, so as to require a claimant to "*exhibit* his demand to the administrator *in the manner provided by law,* for allowance, within one year after the date of granting of the first letters on the estate, or the first insertion of the publication of notice of the grant of such letters as provided for in section 182 of this article," but the said section of the statute, as amended (Sec. 186, R. S. 1919), still requires, as it has required in all of the statute revisions since 1879, that a claimant "shall *present* his said demand to the probate court" for allowance within the period of time prescribed by said section of the administration statute. This court, in our decisions and opinions in the Home Insurance Company case, supra, and in the instant certiorari proceeding, has in no wise departed from our rulings, holdings, and conclusions, and from our construction of Section 195, Revised Statutes 1909, prior to its amendment in 1911 and 1917, as announced in the Rassieur and Keys cases, supra. If, by our construction of Section 195, Revised Statutes 1909, as amended in 1911, and, particularly, by our apparent construction of the clause, "in the manner provided by law," as used in the said section both before and after its amendment in 1911, in the Home Insurance Company case, we have, by judicial construction, reduced the time within which a claimant may exhibit his demand to the administrator or executor of a decedent's estate, and present, or file, the same in the probate court, for allowance, from 365 days to 355 days, under certain hypothesized circumstances and in certain hypothetical instances, then, by parity of reasoning, the effect of our rulings, holdings, and conclusions, as announced in the Rassieur and Keys cases, in construing the same section of the statute, and the identical clause therein, prior to its amendment in 1911, was to reduce, by judicial construction, the time within which a claimant might present, or file, his demand in the probate court, for allowance, from two years to one year and 355 days, under the same hypothesized circumstances, in the absence, of course, of a waiver by the administrator or executor, had and done before the running, or bar, of the period of limitation prescribed by said section, of service of the statutory written notice prescribed by Sections 203 and 204, Revised Statutes 1909 (now Secs. 194 and 195, R. S. 1919).

The administration statute is a procedural statute, i. e., it is a statute, or law, which prescribes and lays down the several and successive procedural steps to be followed and taken by a claimant against a decedent's estate, leading to the ultimate establishment and allowance of his demand against such estate; and, therefore, the several integral sections of such administration statute necessarily must be taken, considered and construed together as one, entire,

composite, whole, and complete, law. [Sutherland on Statutory Construction (2 Ed.) 667, sec. 348.] Such a statute should be so construed as to render it a consistent and harmonious whole, and as will make its several integral sections, or parts, harmonize with each other; and, hence, the several and various sections, or parts, of the statute should be read and construed so that, if possible, all may have their due and conjoint effect, without repugnancy or inconsistency. Otherwise expressed, the several parts, or sections, of such a statute are to be construed in connection with every other part, or section, and all are to be considered as parts of a connected whole, and harmonized, if possible, so as to aid in giving effect to the intention of the lawmakers. [25 R. C. L. 1008, 1009; 36 Cyc. 1128, 1129; Sutherland on Statutory Construction (2 Ed.) 706, sec. 368.] Furthermore, it is an elementary and cardinal rule of construction that effect must be given, if possible, to every word, clause, sentence, paragraph, and section of a statute, and a statute should be so construed that effect may be given to all of its provisions, so that no part, or section, will be inoperative, superfluous, contradictory, or conflicting, and so that one section, or part, will not destroy another. [Sutherland on Statutory Construction (2 Ed.) 731, 732, sec. 380.] Moreover, it is presumed that the Legislature intended every part and section of such a statute, or law, to have effect and to be operative, and did not intend any part or section of such statute to be without meaning or effect. [Idem. p. 919, sec. 491.]

It would seem to be evident, therefore, that this court must have had the foregoing elementary and cardinal rules, or principles, of statutory construction in mind in ruling and deciding the Rassieur and Keys cases, supra, and in therein construing Section 195, Revised Statutes 1909, prior to its amendment in 1911, and the clause, "in the manner provided by law," as used in said section, to be referable to Sections 203 and 204, Revised Statutes 1909 (now Secs. 194 and 195, R. S. 1919), which latter sections of the statute prescribe, in no ambiguous or uncertain terms, the form, manner and time of service of the notice of the presentation of a claimant's demand in the probate court for allowance. Such judicial construction of Section 195, Revised Statutes 1909, had been announced and promulgated by this court long prior to the amendment of said section of the administration statute in 1911, and it is said that "such construction is as much a part of the statute as if plainly written into it originally." [36 Cyc. 1144.] Amendments to a statute are to be construed together with the original statute to which they relate as constituting one law, and as part of a coherent and cohesive system of legislation. [36 Cyc. 1164.] And, where a statute is amended only in part, or as respects only certain isolated and integral sections thereof, and the remaining sections or parts of the statute are allowed and left to stand unamended, unchanged, and apparently unaffected, by the amendatory act or acts, it is presumed

that the Legislature intended the unamended and unchanged sections or parts of the original statute to remain operative and effective, as before the enactment of the amendatory act; and where the unamended and unchanged sections or parts of the original statute have been construed by the highest court of the State, the Legislature is presumed to have been familiar with their judicial construction, and to have adopted, recognized, and continued such judicial construction as a part of the unamended and unchanged sections, or parts: of the statute. [36 Cyc. 1153.] Moreover, in the construction of amendments to a statute, the legislative body, in enacting the amendment, will be presumed to have had in mind all existing, unamended and unchanged provisions and sections of the statute, and to have had in mind, also, the judicial construction given to such existing, unamended and unchanged provisions and sections of the statute by the highest court of the State. [25 R. C. L. 1067.]

In amending (in 1911) Section 195, Revised Statutes 1909, the Legislature left in that section of the administration statute the clause, "in the manner provided by law," and also left in that section of the statute the existing procedural requirement and step that a claimant must "*present* his demand to the probate court," for allowance; but such *presentation* of the demand in the probate court, for allowance, is to be made and done within the time prescribed by the section as amended, i. e., one year, instead of two years, as theretofore. The Legislature did not see fit to amend, modify, or change in any respect, Sections 203 and 204, Revised Statutes 1909, of the same administration statute, which sections prescribe the form, manner and time of the service of the written notice (to the administrator or executor of a decedent's estate) of the presentation, or filing, of a claimant's demand in the probate court for allowance. In other words, Sections 203 and 204, Revised Statutes 1909, of the administration statute were left by the Legislature to remain as theretofore, unamended and unchanged by the amendment of 1911. Those sections of the administration statute had been in force and effect for many years prior to the statute revision of 1909, and still remain, in their original form and language, as a part of the present revision of the administration statute (Secs. 194 and 195, R. S. 1919). Had the Legislature, in amending (in 1911) Section 195, Revised Statutes 1909, so as to require a claimant to "*exhibit* his demand to the administrator *in the manner provided by law*, for allowance," in addition to *presenting*, or filing, his demand in the probate court for allowance, as theretofore, and so as to reduce the time within which such exhibition and presentation of the demand for allowance should be had and done by a claimant from two years to one year, intended that Sections 203 and 204, Revised Statutes 1909, of the then existing administration statute (which sections prescribe and lay down, in clear, certain and positive language, the procedural steps to be followed and taken by a claimant in *presenting*, or filing, his demand in

the probate court for allowance), were to be amended, changed or modified to comply with the amendment of 1911 to Section 195, Revised Statutes 1909, it is reasonable to presume that the Legislature would have so declared in clear and positive terms, without leaving Sections 203 and 204, Revised Statutes 1909, to stand and remain in the same form and language as theretofore, and to be carried forward in the same form and language into the 1919 revision of the administration statute. The Legislature, therefore, must be presumed to have thereby adopted the judicial construction given to said sections, or parts, of the administration statute, as well as the judicial construction given to the clause, "in the manner provided by law," as contained in Section 195, Revised Statutes 1909 (both before and after the amendment of said section in 1911), by this court in the Rassieur and Keys cases, supra, notwithstanding that the effect of such judicial construction be to require the statutory written notice to the administrator of the presentation, or filing, of claimant's demand in the probate court, for allowance, to be given ten days before the commencement of the next term of the probate court, or the service of such written notice to be waived by the administrator before the bar of the special statute of limitation, and to require such ten days to be counted and included as part of the special period of limitation.

The opinion of respondents, under review herein, concedes that the claimant failed to give to the relators, the executors of the Owen M. Dean estate, the written notice of the *presentation*, or filing, of claimant's demand in the probate court "in the manner provided by law," i. e., in the form, manner and time prescribed and required by Sections 203 and 204, Revised Statutes 1909 (now Secs. 194 and 195, R. S. 1919), and respondents' opinion further discloses that relators did not waive the service of the statutory written notice of the presentation, or filing, of claimant's demand in the probate court for allowance, by entering their appearance in said probate court, until after the one-year special period of limitation had run upon claimant's demand. Hence, respondents' opinion under review herein discloses that the jurisdiction of the probate court over claimant's demand was not invoked in the manner and within the time prescribed by the administration statute, as this court has construed the applicable sections of said statute in the Rassieur and Keys cases, supra, and in the later case of Home Insurance Company v. Wickham, supra, and respondents' opinion further discloses that the relator executors of decedent's estate did not enter their appearance in the probate court until after claimant's demand had been barred by the running of the one-year special statute of limitation, which appearance of relators, under our controlling ruling and holding in Madison County Bank v. Suman's Administrator, 79 Mo. 527, did not relate back to the time when the statutory written notice should have been given to, and served upon, relator executors, or the service thereof should have

1154

been waived by said executors, so as to have prevented the bar of the special statute of limitation. Respondents' motion for rehearing again directs our attention to the opinion of this court in Stephens v. Bernays, 119 Mo. 143, cited by respondents upon the original submission of this proceeding. Suffice it to say that the opinion in the cited case did not involve a construction of, or ruling upon, the sections of the administration statute which are involved herein, for the reason that claimant in the cited case did not present or file his demand for allowance in the probate court, but elected to sue upon his demand directly in the Federal district court, as provided in another section of the administration statute, by which section the judgment "of a court of record" is made to serve as the allowance and establishment of a demand; hence, no notice of a presentation, or filing, of the demand in the probate court, for allowance, was necessary.

Respondents' motion for rehearing herein has had our careful and thoughtful attention and consideration, and we are of opinion that the motion must be overruled and denied, and it is so ordered.

PER CURIAM:—The foregoing opinion by SEDDON, C., is adopted as the opinion of the court. All of the judges concur, except *Frank*, *J.*, not sitting.