HOME INSURANCE COMPANY, Appellant, v. C. L. WICKHAM.

Division One, March 2, 1920.

1. **ADMINISTRATION**: Presentation of Claims: Limitations: Exhibition to Administrator Within Six Months. Section 195, Laws 1911, page 82, does not mean that the exhibition of a demand against the estate to the administrator for allowance within six months will alone stop the running of the special statute of limitations. A claimant cannot avail himself of the fact that he exhibited his demand, by notice and in due time, to the administrator, unless he also presents it to the court for allowance within the time prescribed by the statute.

2. ———: ———: ———: ———: Presentation to Court. The Legislature did not intend by the amendatory Act of 1911, by striking out of Section 195 the words explicitly requiring demands to be presented to the court for allowance and substituting the words explicitly requiring it to be exhibited to the administrator for allowance, to make the section simply a reiteration of the requirement of Section 191, as amended, that a demand must be exhibited against the estate as provided in clauses five and six of Section 190, as amended, or be forever barred, but did intend to require a second exhibition to the administrator, the first being for the purpose of obtaining priority of classification, and the second for the purpose of having it allowed. Said Section 195, as amended, requires a demand to be presented to the court for allowance. At all times prior to 1911 and since 1855 two kinds of limitation sections have run along side by side in the Administration Statute, each serving different purposes and each indispensable and distinct from the other, the one requiring demands to be exhibited to the administrator within a designated period, and the other requiring them to be presented to the court for allowance within a designated time.

3. ———:, ———: Exhibition to Administrator for Allowance. The words "for allowance," used in Section 195 of the Administration Act of 1911, requiring the claimant to "exhibit his demand to the administrator in the manner provided by law, for allowance," are not positive enough to empower the administrator to allow a demand against an estate, or to imply that such power already existed. Demands must be established by the judgment of a court, and the requirement that a demand be exhibited to the administrator

for allowance means an exhibition to him in a proceeding in court to have the claim allowed.

4. ——: ——: **Manner of Exhibiting Demand.** Exhibition of a demand to the administrator for allowance means an exhibition to him in a proceeding in court, and this proceeding can be by an action in court in the ordinary mode, or by presentation to the probate court. If the exhibition is by presentation to the probate court, the proceeding is initiated in the manner provided by the statutes, namely, by the claimant delivering to the administrator, ten days in advance of the term at which he intends to present the claim, a written notice and copy of the instrument of writing or account on which the claim is founded, with a statement that it will be presented for allowance at the next regular or adjourned term.

5. ——: ——: **Dismissal: Reinstated Within a Year.** Where the demand was exhibited to the administrator within six months after letters granted, and presented to the probate court more than six months after the last publication of notice, and then dismissed, a suit brought in the circuit court within one year after such dismissal, but more than one year after letters granted, or the last published notice, is barred by limitations, under the Act of 1911. The special limitation statute contained in said act controls, and the provision in the general limitation statute that a new action may be begun within one year after such dismissal does not apply. The exhibition of the demand to the administrator within six months does not stop the running of the special statute (Sec. 195, Laws 1911, p. 82) requiring the demand to be presented to the court for allowance "within one year after the granting of first letters on the estate, or the last insertion of the publication of notice of the grant of such letters."

6. ——: ——: **Inconsistencies in Section 195; Exception.** The second part of Section 195 of the Administration Act of 1911, permitting exhibition of a demand to the administrator at the usual term for final settlement, seems inconsistent with the first clause, which requires claims to be exhibited within a year from the granting of letters, since final settlement can occur no sooner than "the first regular term of the court after the expiration of one year." But said second part may be regarded as contemplating an exception to the regular procedure, and to allow a proceeding, commenced with the year, to be followed up in court as late as the term next succeeding the one at which final settlement would otherwise occur. The purpose was to permit a claimant whose second exhibition was within the year, but too late to follow it up in court within the year, to have a term, but only one, after the one for final settlement, to present it to the court; whereas a claimant who gave earlier notice under Section 203 would need no

such grace. This ambiguity in Section 195, however, was cured by the amendment of 1917, Laws 1917, page 98.

**CONSTRUCTION OF STATUTE:** Reconciling Inconsistencies. In order to prevent one statute, or a portion of one, from conflicting with the entire scope of legislative action touching the subject, it is sometimes necessary to depart from a literal construction, and adopt the one that removes the inconsistency and produces harmony.

Appeal from Dunklin Circuit Court.—*Hon. W. S. C. Walker,* Judge.

AFFIRMED.

*Fyke & Snider,* for appellant.

The circuit court erred in holding that the claim was barred by the one-year Statute of Limitations. Laws 1911, p. 82; Knisely v. Leathe, 256 Mo. 341.

*McKay & Smith,* for respondent.

GOODE, J.—This is an action against the defendant as administrator *de bonis non* of the estate of J. A. Wickham, deceased, and is to recover on a promissory note for one hundred and four dollars, payable in four instalments, all of which, under the terms of the instrument, were due when the action was commenced. The note was given by J. A. Wickham and L. C. Wickham, apparently for premiums on a policy of insurance issued by appellant. J. A. Wickham died September 9, 1911, and Lucy C. Wickham was appointed, by the probate court of Dunklin County, administratrix of his estate, received letters testamentary bearing date September 19, 1911, and published notice of them, the last insertion of the notice being October 13, 1911. On April 4, 1912, or a little more than six months after their date, plaintiff exhibited to the administratrix the note as a demand against the estate, and notified her the demand would be presented to the probate court for allowance at the

next term, which would be in April. On April 15th of the same year, the demand was presented to the probate court and, both parties being present, a trial took place which resulted in an allowance by the court of four dollars on the demand. An appeal was prosecuted to the Circuit Court of Dunklin County, where the cause was dismissed July 29, 1912. Lucy C. Wickham having died, respondent was appointed administrator *de bonis non,* and on September 28, 1912, this action was begun in the Circuit Court of Dunklin County on the same demand. The defendant was served, appeared, and for defense to the demand pleaded a general denial and also the special administration Statute of Limitation, alleging the suit was filed and service was had on the defendant more than one year after the grant of letters of administration. The cause was appealed to the Springfield Court of Appeals and was there decided, two of the judges agreeing, but on different views of the relevant statutes, that the demand was not barred by the special statute as shortened to one year by, an amendment adopted in 1911 and hereafter copied; from which conclusion of the majority of the court one of the judges dissented and caused the case to be certified here as being in conflict with the decision of this court in Weruse v. McPike, 100 Mo. 476.

The only question for decision is whether the claim was barred by limitation when this action was begun, defendant asserting it was, for the reason stated in his answer, whereas plaintiff contends that, as the demand was exhibited to the administratrix April 4, 1912, and was presented to the probate court for allowance April 15, 1912, both of which proceedings occured within seven months of the grant of letters, therefore the demand could not be barred except by the general statute limiting the time for beginning actions on written obligations for the payment of money. Otherwise stated, plaintiff's position is that under the amendments of 1911, the statute of the administration law, prescribing the period which will bar the allowance of demands against estates, no longer ran against plaintiff's demand after it had been exhibited to

the administratrix; or, if that is not true, the running of said limitation statute ceased upon the presentation for allowance on April 15th, notwithstanding the proceeding was dismissed later.

In 1911 ten amendments of the administration law were enacted, all approved on March 13th of said year. The purpose, either declared or apparent, of seven of those amendments was to shorten the time wherein certain proceedings in the course of administration might be taken (for examples, filing inventories and publishing notice of the grant of letters), with the view thereby to expedite the winding up of estates and enable them to be settled within a minimum period of one year, instead of two as theretofore provided. [Laws 1911, pp. 78 to 86 inclusive.] We will state such of the changes made, as throw light on the question before us. Section 82, Revised Statutes 1909, regarding the publication of letters, was amended to require the notice to state that if claims were not exhibited "within one year [instead of two] from the date of the last insertion of such publication, they shall be forever barred." [Laws 1911, p. 79.] That is one enactment limiting the time for exhibiting demands. Section 190, Revised Statutes, which defines the several classes of demands against estates and fixes priority of payment among them, was amended as to the fifth and sixth classes, by placing in the fifth class demands not exhibited within six months (previously a year) after the granting of first letters, and in the sixth class those not exhibited in one year after (previously two). [Laws 1911, p. 80.] Section 191, Revised Statutes 1909, which is especially intended to limit the time for exhibiting claims to executors and administrators for classification, was modified to require them to be exhibited in one year instead of two.

"That Section 191, of Article 7 of Chapter 2 of the Revised Statutes of Missouri of 1909, be, and the same is hereby repealed and a new section enacted in lieu thereof, to be known as Section 191, and to read as follows: Section 191. All demands not thus exhibited in

one year shall be forever barred, saving to infants, persons of unsound mind or imprisoned, and married women, one year after the removal of their disability, and said one year shall begin to run from the date of the letters where notice shall be published within ten days, after letters are granted, and in all other cases said one year shall begin to run from the date of the last insertion of the publication of the notice."

Section 238 was amended to allow final settlement to be made "at the first regular term of the probate court *after the expiration of one year from the completion of publication of notice of letters.*" Italics ours.) [Laws 1911, pp. 83, 84.] The amended section mainly involved in the present case is 195, but the provisions of it can be understood best if we copy the three sections not altered in 1911, immediately preceding it, which prescribe how claims shall be exhibited to the executor or administrator.

"All actions pending against any person at the time of his death, which, by law, survive against the executor or administrator, shall be considered demands legally exhibited against his estate from the time such action shall be revived, and classed accordingly." [R. S. 1909, sec. 192.]

"All actions commenced against such executor or administrator, after death of the deceased, shall be considered demands legally exhibited against such estate from the time of serving the original process on such executor or administrator." [R. S. 1909, sec. 193.]

"Any person may exhibit his demands against such estate by serving upon the executor or administrator a notice, in writing, stating the amount and nature of his claim, with a copy of the instrument of writing or account upon which the claim is founded; and such claim shall be considered legally exhibited from the time of serving such notice, or a waiver of such notice, in writing, by the executor or administrator." [R. S. 1909, sec. 194.]

20—281 Mo.

Next we quote Section 195, showing in parentheses the words in the section prior to the amendment for which others were substituted, and emphasizing the words in the amendment not before contained in the section.

"No claimant shall avail himself of the benefit of the preceding section unless he shall exhibit (present) his demand to the administrator (court) in the manner provided by law, for allowance, within one (two) year after the granting of first letters on the estate, or the last insertion of the publication of notice of the grant of such letters as provided for in Section 191 of this article, *nor unless he shall also present his said demand to the court at the term thereof next succeeding the term during which he shall have exhibited the same, whenever the same is exhibited during the term at which final settlement could be made except for the exhibition of such demand.*" [Laws 1911, p. 82.]

It should be noted that said section relates solely to a demand exhibited according to the mode provided in Section 194, as amended in 1911.

Plaintiff's first contention is, as stated above, that as Section 195, after its amendment, no longer required a demand to be presented to the court for allowance in order to stop the running of the special statute, nothing was required to stop it except an exhibition to the executor or administrator, which in plaintiff's case was made on April 4, 1912, and thereafter it could only be barred by the general statute of limitations. The claim of plaintiff was exhibited on that day in the mode authorized by Section 194; that is, by serving the administratrix with a notice in writing, showing the amount and nature of the claim, and with a copy of the note. Section 195 (as amended) says no claimant shall avail himself of the preceding section, "unless he shall exhibit his demand to the administrator in the manner provided by law, for allowance, within one year after the granting of the first letters," etc. Did the Legislature intend, by striking out of said section the words explicitly requiring a demand to be *presented to the*

*court* for allowance and substituting words explicitly requiring it to be *exhibited* to the *administrator,* to make the section simply a reiteration of the requirement of Section 191, as amended, that a demand must be exhibited "against the estate" as provided in clauses five and six of Section 190, as amended, or be forever barred? Or was it rather the intention to require a second exhibition to the administrator, the first being, as we have suggested, for the purpose of placing the demand in a certain class as regards priority of payment, the second for the purpose of having it allowed?

Subsequent to the 1855 Revision of the Statutes and until 1911, a section substantially the same as 195, of the present 1909 Revision, had stood on the books; namely, one requiring a demand to be presented to the court for allowance within a given period after letters were granted or published, the period being three years until 1879, and two years thereafter. [R. S. 1855, sec. 6, p. 153; G. S. 1865, sec. 6, p. 502; R. S. 1879, sec. 189; R. S. 1889, sec. 188; R. S. 1899, sec. 185.] There also has been continuously since 1855, a section like 191 of the present revision, requiring claims to be exhibited against the estate within a stated period or they would be barred. [R. S. 1855, sec. 2, p. 152; G. S. 1865, sec. 2, p. 502; R. S. 1879, sec. 186; R. S. 1889, sec. 184; R. S. 1899, sec. 189.] The years of limitation stated in the two classes of sections have been the same, except in the Revision of 1865, which gave two years for the exhibition of a demand and three for presenting it to the court. In the Revision of 1889, the words "and presented to the court for allowance" were inserted in the sixth clause of Section 183, which dealt with the classification of demands, and Section 184, which limited the time for their exhibition, *thereby making said clauses in themselves, and regardless of Section 185, bar demands unless exhibited and presented to the court within two years;* the quoted words not having been contained in those particular sections theretofore, nor later; and they appear to be unnecessary, because in that Revision and subsequent ones, the section cited above

was retained for the specific purpose of requiring presentation to the court within two years. But the material point at present is that the two kinds of limitation sections existed side by side after 1855, and always have been held to serve two different purposes, each indispensable and distinct from the other; one being to require demands to be exhibited to executors and administrators, the other to require them to be presented to a court for allowance; both acts to be done within a designated period, the two periods usually being identical. [Price v. McCause, 30 Mo. App. 627; Savings Bank v. Burgin, 73 Mo. App. 108, 114; Keys v. Keys, 217 Mo. 48, 65.]

It seems that now and then the attention of a judge has been fixed so exclusively upon the words "presented to the court for allowance," in Sections 183 and 184 of the Revised Statutes 1889, as to evoke *dicta* that the omission of said words in later revisions dispensed with the necessity of presenting a demand to the court within two years, in order to suspend the special Statute of Limitations; an erroneous notion in view of the express requirement of Section 188 in the Statutes of 1889, and its equivalent in later Revisions. Such remarks have been made, we believe, in no case where the question in judgment called for them. In Ryans v. Boogher, 169 Mo. 673, 684, the statement was made that "at the time of the attempted final settlement there was no special Statute of Limitation in this State which barred a claim which had been legally exhibited against an estate because it had not been presented to the court for allowance," a remark followed by the statement that an act passed in 1899 (Laws 1899, p. 39) had struck out of Section 185 of that Revision the words *"and presented to the court for allowance."* But the claim contested in said case had been exhibited, *not by serving notice on the administrator, but by bringing an action in the circuit court,* a mode of exhibiting then and now authorized. [R. S. 1899, sec. 187; R. S. 1909, sec. 193.] A demand so exhibited is patently not subject, either in principle or by the language of the

law, to the provision that no claimant shall avail himself of the exhibition of a demand, to toll the statute, unless he shall present it to the court for allowance within two years. This section, by its very words, refers to the preceding section, for it says "no claimant shall avail himself of the preceding section," etc. The preceding section is the one which provides, not for exhibiting demands by an action in court, but for exhibiting them by serving notice in writing on the executor or administrator. [R. S. 1899, sec. 188; R. S. 1909, sec. 195.] In Ryans v. Boogher, cited above, GANTT, J., who wrote the opinion, explained what he meant to say in the passage we have quoted, by immediately saying: "Section 189, Revised Statutes 1899, cited by defendants, by its terms is restricted to the demands referred to in Section 188, and has no application whatever to suits commenced and prosecuted under Section 187, the section under which plaintiff prosecuted his suit." Obviously and independently of the express reference to the preceding section, the one requiring presentation to the court could have no application to a demand exhibited by an action in court, for such an exhibition is also, in itself, presentation for allowance; the exhibition and the presentation occurring at the same time, if one act is within two years, the other is.

In Knisely v. Leathe, a case controlled by the Statutes of 1909, the demand was exhibited to the executrix by the institution of a suit September 7, 1907, or within six months of the date of letters, their date being March 20, 1907. The action was dismissed, but on March 10, 1909, a second action was brought, which was ten days prior to the expiration of two years from the date of the letters. Therefore the demand was both exhibited and presented to the court for allowance within the statutory period; and whatever was said to the effect that merely exhibiting a demand tolls the special statute permanently, was not essential to the decision and seems to have been written in forgetfulness of the statute which declares a claimant shall not avail himself of the fact that he exhibited by notice and in due time to the executor or administrator,

unless he presents it for allowance within two years. [R. S. 1909, sec. 195.]

So much for cases wherein *dicta* have occurred tending to the conclusion that the exhibition of the demand for classification is enough to prevent the special statute from running, except where there are words in the classification section, or the one dealing with the limitation of time to exhibit, like those contained in the Revision of 1889, requiring a presentation to the court.

But there have been discussions of this question where it was necessary to decide it to dispose of the case; and perhaps the most thorough treatment of it was by THOMPSON, J., of the St. Louis Court of Appeals, in Price v. McCause, supra. The opinion says something more is required of a claimant to save the bar of the statute than an exhibition of a demand to the executor or administrator; that to hold otherwise would be to exscind from the statute the section providing, in effect, that no claimant should avail himself of an exhibition to an executor or administrator unless he shall present his demand to the court for allowance within two years from the granting of the first letters. [R. S. 1889, sec. 189.] Further saying: ''If the holder of a claim against the estate of a decedent can save the bar of the statute by exhibiting it to executor or administrator within the statutory period, without presenting it to the probate court for allowance and classification before the expiration of such period, he can defeat the policy of the statute entirely and keep the estate open indefinitely. If, having exhibited it to the executor or administrator in time, he creates a *lis pendens* which stops the running of the statute, as counsel for the claimant would argue, so that he can come into court with it a year after expiration of the statutory period, he can come into court with it an the point came up for decision. [Farmers Sav. Bank v. That exposition of the law has been approved wherever indefinite time afterwards—at least so long as the estate remains open. This, we think, would be opposed to the letter and policy of the statute.'' [30 Mo. App. l. c. 632.]

Burgin, 73 Mo. App. 108, 113; Keys v. Keys, 217 Mo. 48, 65.]

The policy of legislation for so many years having been to exact, in order to suspend the running of the special limitation, something besides the exhibition of a claim to an executor or administrator in order to fix the time of its payment out of the estate's assets, it is improbable that the Legislature, in amending Section 195 of the present statutes to provide for exhibition to the administrator for *allowance,* meant only to reiterate the necessity of the exhibition within a year for classification under Sections 190 and 191. To so hold would be to attribute to the Legislature the intention to dispense with presentation to a court within any time short of the general limitation period; which would be a radical change from the prior policy of the law and, moreover, would frustrate the declared purpose of most of the amendments of 1911 to shorten the period wherein final settlement can be made. Besides, if no more than the original exhibition to the executor or administrator was to be required, why retain, instead of omit, Section 195, when Section 191 would fully accomplish the purpose intended? Why, too, use the words "for allowance," in connection with the required exhibition to the administrator; words not used in the preceding sections (190, 191), but instead the words "exhibited against the estate?"

We consider the deduction a fair one from the particulars noted, that the first part of Section 195, as amended, was intended to prescribe a second proceeding to be taken by a claimant to prevent his claim from being barred by the one-year limitation. What is that proceeding? Providing for exhibiting to the administrator "for allowance" might be deemed to imply that an administrator was empowered to allow a demand against an estate; but it is clear the words used are not positive enough to show an intention either to confer such a power, or to imply that it already existed. Demands must be established by the judgment of a court. [R. S. 1909, secs. 197, 198, 206; Langston v. Canterbury, 173 Mo. 122.] The require-

ment of an exhibition to the administrator for allowance within the year, to be an effective act and not merely a useless ceremony, must mean an exhibition to him *in a proceeding to have the claim allowed.* This proceeding could be by an action in court in the ordinary mode (Sec. 197), or by presentation to the probate court (R. S. 1909, secs. 198, 206); and in the latter event the proceeding would be initiated in the manner provided by the statutes; namely, by the claimant delivering to the executor or administrator, ten days in advance of the term at which he intended to present the claim, a written notice and copy of the instrument of writing or account on which the claim was founded, with the statement that it would be presented for allowance at the next regular or adjourned term. [R. S. 1909, secs. 203, 204, 205.]

Plaintiff asserts there was a second exhibition to the adminstrator when the demand was presented to the probate court, April 15, 1912, to have it allowed—the proceeding subsequently dismissed. That exhibition, though not followed up to a judgment, would have sufficed for the purpose of classification, had the one of April 4th been omitted; but we think did not suffice to stop the special statute. Otherwise a second exhibition, not intended to be followed by proceedings necessary to put the demand into judgment, would be a compliance with the statutory requirement of presentation for allowance; and the claimant having done this much, might wait as long as he pleased, short of the period fixed by the general statutes of limitations, before taking proper and bonafide measures to establish his claim. The rule generally prevailing in this country is that if an action is begun and afterwards dismissed, the statute of limitation runs against the cause of action from the time it accrued except where time for another action is given, as is done by our statutes in allowing a year wherein to sue again after a nonsuit, etc. (R. S. 1909, sec. 1900), a grace extended by construction in favor of dismissed cases. [Wetmore v. Crouch, 188 Mo. 647.] This saving clause is not available where the limitation period is prescribed by a special

statute, not included in Articles 8 and 9 of the chapter on Limitations of Actions; hence does not bar upon this case. [R. S. 1909, sec. 1907; Gerren v. Railroad Co., 60 Mo. 405, 409; Clark v. Railroad Co., 219 Mo. 524, 530; State ex rel. v. Thompson, 81 Mo. App. 549, 558; State ex rel. v. Hawkins, 103 Mo. App. 251.] In view of the general doctrine that upon the dismissal of a case a limitation statute runs against the cause of action from its accrual, we hold the abortive steps to have plaintiff's demand allowed were not such a proceeding as suspended permanently the running of the special statute. We think the point in decision in Knisely v. Leathe, supra, accords with this ruling, even though some remarks in the opinion might be interpreted the other way. [256 Mo. 341, 362.] We hold further that the second exhibition to the administrator for allowance, includes not merely serving him with notice and a copy of the demand in accordance with Sections 203 and 204 (R. S. 1909), but carrying the proceeding forward by presenting the demand to the court according to the notification, or at furtherest, within the year; subject, however, to the exception made in the latter part of the amendment of 1911, to be noticed presently. No less can be accepted as an effectual compliance with the requirement of an exhibition *for allowance*, without defeating the whole policy of the administration law, to have the claims allowed only by a court, and the whole policy of the amendments of 1911 to expedite final settlements. The second part of the amended section, though apparently inconsistent with the first part in some respects, throws light on the latter by plainly requiring the second exhibition to be followed up, in the instance contemplated by said second part, by presentment to the court; for it provides this shall be done in the event the claimant exhibits to the administrator "during the term at which final settlement could be made except for the exhibition." It is unreasonable to suppose presentment to the court was intended to be required solely under those circumstances, and that claimants exhibiting earlier should be under no necessity to

proceed in court at all sooner than was necessary to prevent the bar of the general limitation statutes. The latter clause of Section 195, as amended, needs no attention in the present case, except in so far as the sense of the first clause is indicated by it; for this action was begun September 28, 1912, and plaintiff's claim was thereby exhibited a second time within the meaning of the amendment, and at a term prior to the one when final settlement could be made. The terms of the probate courts are the second Mondays in February, May, August and November (R. S. 1909, sec. 4060), so final settlement for the Wickham estate could not come before the November term, 1912, the date of the last insertion of the notice of letters having been October 13, 1911.

The second part of the act in permitting exhibition at the usual term for final settlement, seems inconsistent with the first clause, which requires claims to be exhibited within a year from the granting of first letters, or the last insertion of notice thereof unless notice is published in ten days from their date. Final settlement in every case can occur no sooner than "the first regular term of the court after the *expiration of one year* from the date of the publication of the notice of letters," and after notice of the intended settlement has been published for four weeks. [R. S. 1909, sec. 238, as amended; Laws 1911, p. 84.] Let it be borne in mind that the exhibition to the administrator required by amended Section 195, must be by a proceeding carried through to a judicial allowance of the claim. Let it also be borne in mind that such a proceeding may be begun not only by an action in court under Section 197, R. S. 1909, but also under Section 203 and 204, by notice in writing to the administrator that the demand will be presented at the next regular or adjourned term, with copy of the instrument or account, etc., which notice must be served ten days before the beginning of the term. Now it could happen that, in the latter mode of presentment, the notice to initiate the proceeding might be served within the year after grant of letters (or the last publication of notice thereof if said notice was not published

within ten days of their date), but too late to continue the proceeding thus begun by presentation in court at a term within the year, or even at the next term thereafter. For example, the year following the grant of letters might expire the Saturday before the second Monday in November, and if notice was served on the administrator that day, ten days would not elapse before the next term began; in fact only two days would elapse. In such a case the amendment appears to contemplate an exception to the regular procedure, and to allow the proceeding in the exhibition to have the claim allowed, which proceeding has been commenced within the year, to be followed up in court as late as the term next succeeding the one at which otherwise final settlement could occur. The words "whenever the same is exhibited *during* the term at which final settlement could be made except for the exhibition of such demand," regard the proceeding as a continuing one, and notice having been served within the year of an intention to present at the next regular or adjourned term, the exhibition is treated as occurring during the term; and if the next term happens to be the one for final settlement, the succeeding term is allowed for presentment. We think the purpose was to prevent a claimant whose second exhibition was within the year, but too late to follow it up in court within the year, to have a term, but only one, after the one for final settlement, to present to the court; whereas a claimant who gave earlier notice under Section 203 would need no such grace. This construction renders it possible to postpone slightly the winding up of estates beyond the period contemplated by amended Section 238 and other amendments of 1911; but it is the construction which comes nearest to carrying out the sole purpose of most of the amendments and is, therefore, to be adopted if the language of the act will permit. A court must give effect to an act of the Legislature if it is possible to do so consistently with the language of the act. [State ex inf. v. West Side Ry. Co., 146 Mo. 155, 168.] And in order to prevent one statute, or a portion of one, from conflicting with the entire scope of legisla-

tive action touching the subject, it is sometimes necessary to depart from a literal construction of the inconsistent enactment. [State to use v. Heman, 70 Mo. 441.]. To attain this end, ''the construction that produces the greatest harmony and the least inconsistency ought to prevail.'' [POLLOCK, C. B. in Atty. Gen. v. Sillem, 2 H. & C. 517.] ''It is a cardinal principle in the interpretation of a statute that if there are two inconsistent enactments, it must be seen if one cannot be read as a qualification of the other.'' [Taylor v. Goodwin, L. R. 4 Q. B. Div. 228.] To conclude the Legislature meant to require a claimant late in exhibiting, to present for allowance at the next term after what is normally the one to settle the estate and to allow earlier exhibitors to delay presentment to any date short of the bar of the general limitation law, thus greatly extending instead of contracting the administration period, is too extreme a view to accept, unless driven to it by the language of the act, and we think we are not. If the Act of 1911 is treated as void because of conflicting clauses, the two-year statute for presentment will be revived and the entire scheme of the amendatory acts disarranged. In our opinion the language of Section 195, as amended, may be interpreted in accordance with what we have said, without either perverting, restricting or unduly broadening the natural meaning of the words used.

The ambiguity of this section (195) was cured by amendment in 1917. [Laws 1917, p. 98.]

The result is that the judgment of the Springfield Court of Appeals reversing and remanding the cause is set aside, and the judgment of the circuit court is affirmed. All concur.