# MARCH, 1937.

J. A. SCHAEFER (PLAINTIFF), APPELLANT, v. ESTATE OF CHARLES MAGEL, DECEASED, JULIUS H. DRUCKER, ADMINISTRATOR D. B. N., (DEFENDANT), RESPONDENT.—108 S. W. (2d) 609.

St. Louis Court of Appeals. Opinion filed September 14, 1937.

Motion for rehearing overruled September 29, 1937.

Writ of certiorari denied December 9, 1937.

*Calhoun & Boisseau* for appellant.

*Albert L. Schweitzer* and *Robert L. Aronson* for respondent.

BENNICK, C.—This case, which comes to the writer on reassignment, arises in connection with the administration of the estate of Charles Magel, deceased, in the Probate Court of the City of St. Louis.

Magel died on December 5, 1932, whereupon letters on his estate were granted to Berdina Magel, his widow, on December 9, 1932, with the first publication of notice appearing within ten days thereafter.

On June 6, 1933, or within six months after the date of the granting of the first letters on the estate, plaintiff, J. A. Schaefer, filed in the probate court his demand against the estate in the sum of $2,500, representing an amount alleged to be due him for services theretofore rendered in connection with an exchange of property belonging to the deceased.

The return of service discloses that the demand had been exhibited to the administratrix on May 9, 1933, the notice (omitting caption and signature), being in the following form:

## "NOTICE OF THE PRESENTMENT OF A DEMAND FOR ALLOWANCE.

"To Berdina Magel, administratrix of the estate of Charles Magel, deceased:

"Take Notice that at the next regular term of the Probate Court of the City of St. Louis, Missouri, to be held at the Courthouse in said city on the first Monday in June, 1933, on the first day of said term, or as soon thereafter as I can be heard, I shall present to said Court for allowance a demand against said estate for a commission due me for services rendered in negotiating an exchange of property belonging to deceased . . ., said claim amounting to the sum of two thousand five hundred dollars ($2,500.00), and being founded upon a written contract signed by deceased . . ."

Attached to the notice as a part of the formal claim was a copy of the instrument or contract upon which the claim was founded, together with the claimant's statutory affidavit in due and proper form.

Thereafter the administratrix filed a motion to dismiss the claim for want of jurisdiction, basing her motion upon the ground that plaintiff had not, within the year or otherwise, exhibited his claim to her for classification, but only for allowance, and that she had never waived the exhibition for classification.

Upon a hearing on the motion, the probate court sustained the same and dismissed the claim, from which order plaintiff took an appeal to the Circuit Court of the City of St. Louis.

At some stage of the proceedings in the probate court the death of the administratrix was suggested and an order duly entered appointing Julius H. Drucker as administrator *de bonis non* of the estate. He was thereupon substituted as a party defendant to the cause pending on appeal in the circuit court, and, upon coming into the case, filed a motion to dismiss in the circuit court for want of jurisdiction, which motion was based upon the identical ground set up in the motion theretofore filed in and sustained by the probate court.

The circuit court heard the motion solely upon the records transmitted to it by the probate court, and in turn sustained the same, ordering and directing that the claim be dismissed, and that a copy of the judgment be certified to the probate court in accordance with statutory requirements.

From such order and judgment plaintiff's appeal to this court has been perfected in the usual course.

The question at issue is that of whether plaintiff's demand was exhibited to the administratrix and presented to the probate court in strict accordance with the provisions of the administration code which prescribes the several and successive procedural steps to be

taken with a view to the ultimate establishment and allowance of a claimant's demand against an estate.

It is provided by Section 182, Revised Statutes of Missouri, 1929 [Mo. St. Ann., sec. 182, p. 108], that all demands against the estate of any deceased person shall be divided into six classes denoting and establishing their respective rights to priority in payment. The first four classes embrace and relate to certain definitely specified types of preferred demands, the proper classification of which depends upon the character and identity of the same. The fifth class embraces all demands, without regard to quality, which shall be "legally exhibited" against the estate within six months after the date of the granting of the first letters on the estate, while the sixth class includes all demands "thus exhibited" after the end of six months and within one year after the date of the granting of the first letters on the estate.

Then follows Section 183, Revised Statutes of Missouri, 1929 [Mo. St. Ann., sec. 183, p. 111], which provides that all demands not "thus exhibited" within the year shall be forever barred, save as to certain excepted persons under disability.

From these provisions it is at once apparent that the matter of the exhibition of a demand is of prime importance, not only upon the question of the right of the claimant to have the same allowed as against the bar of the limitation statute, but also upon the question of the classification to be given it if allowed, and in determining what constitutes such proper and timely exhibition, recourse is to be had to the following pertinent sections of the administration law as they appear in the 1929 revision of the statutes:

Section 186. "Any person may exhibit his demands against such estate by serving upon the executor or administrator a notice, in writing, stating the amount and nature of his claim, with a copy of the instrument of writing or account upon which the claim is founded; and such claim shall be considered legally exhibited from the time of serving such notice, or a waiver of such notice, in writing, by the executor or administrator."

Section 187. "No claimant shall avail himself of the benefit of the preceding section unless he shall exhibit his demand to the administrator in the manner provided by law, for allowance, within one year after the date of granting of the first letters on the estate, or the first insertion of the publication of notice of the grant of such letters as provided for in section 183 of this article, nor unless he shall within the said time also present his said demand to the probate court."

Section 195. "Any person desiring to establish a demand against any estate shall deliver to the executor or administrator a written notice containing a copy of the instrument of writing or account on which it is founded, and stating that he will present the same for allowance at the next regular or adjourned term of court."

Section 196. "Such notice shall be served on the executor or administrator by delivering to him a copy thereof, or by leaving a copy of the same at his usual place of abode with some member of his family over the age of fifteen years, ten days before the beginning of such regular or adjourned term of the court, and may be served by any sheriff or constable or by any competent witness, who shall make affidavit to such service."

Section 197. "The executor or administrator may appear in court, or, by writing, waive the service of any such notice."

The above sections of the Statutes relating to the exhibition, presentment, and allowance of demands against the estates of decedents have been heretofore construed and interpreted by our Supreme Court in State ex rel. Dean v. Daues, 321 Mo. 1126, 14 S. W. (2d) 990, and Home Insurance Co. v. Wickham. 281 Mo. 300, 219 S. W. 961.

Those decisions construe the statutes to provide for two separate and distinct exhibitions of a demand to the executor or administrator, both within the year, the first for classification, as provided by Section 186, of which the claimant "may" avail himself, and the second for allowance, as provided by Section 187, which it is made mandatory that he "shall" follow. Moreover the exhibition is in each instance required to be by written notice, unless the executor or administrator shall see fit to waive such notice, the waiver to be in writing in the case of the exhibition for classification, and, in the case of the exhibition for allowance, either in writing, or else by the appearance of the executor or administrator in court to the merits short of the expiration of the limitation period.

It is also held—and this is a matter of supreme importance—that the exhibition for allowance must be an exhibition to the executor or administrator in a judicial proceeding to have the claim allowed, either by an action in the circuit court in the ordinary mode, or, more usually, by presentation of the claim to the probate court in which the estate is pending. If the latter method is followed, as was done in the case at bar, then the proceeding is initiated or commenced in the manner provided by law by the claimant serving upon or delivering to the executor or administrator, at least ten days before the beginning of the regular or adjourned term of court at which he intends to present his demand, a written notice conforming to the prescribed statutory requirements, which notice performs the dual function or office, both of an ordinary summons, and of an exhibition of the demand for the purpose of its allowance. And of course it is essential to the jurisdiction of the probate court to entertain the claim that the claimant shall not only give the required notice to the executor or administrator, but that he shall also present his demand to the probate court according to the notification,

or, at furthest, within the year, whereupon "it becomes a part of the records of such court and is presented to the court in the sense of the statute." [Keys v. Keys, 217 Mo. 48, 65, 116 S. W. 537.]

In this case the exhibition, as the notice served upon the administratrix recites upon its face, was for the allowance of the demand, and there is no showing in the record, either of an exhibition purely for classification, or of a written waiver of the same. It was because of the absence of any such showing that the two lower courts dismissed the claim, so that the question for our decision is whether, in light of the provisions of the statutes as construed by the Supreme Court, the dismissal of plaintiff's claim was proper for no reason other than the want of an affirmative showing upon the records of the probate court of an exhibition purely and solely for classification.

It is to be borne in mind, of course, that the case involves no question of the ultimate classification of the claim, the court having never reached that point in the consideration of it. The claim was never heard upon its merits, but was dismissed upon a plea to the court's jurisdiction, not directed in anywise to the question of the power and authority of the court to give the claim the classification to which it might have been entitled in view of its character and the time of its exhibition, but instead distinctly addressed to the question of the court's power and authority to entertain the claim at all, and this regardless of the fact that the claim was duly and properly exhibited for allowance and was presented to the probate court, all well within the year. So in the final analysis the case turns upon the question of whether an exhibition for classification is a mandatory and indispensable step towards vesting the probate court with jurisdiction to entertain a claim upon its merits, so that, in the absence of an affirmative showing upon the records of the court of such an exhibition for classification, the court will be powerless and without jurisdiction to proceed to hear the claim with a view to its allowance or rejection, even though the same has been duly exhibited for allowance and filed in court within the year.

Nor is it to be denied that the claim was dismissed solely for want of an affirmative showing in the records of the probate court of an exhibition for classification, since the circuit court at least expressly ruled that the "motion should be decided upon the papers appearing in the file and upon the record itself," and refused to permit plaintiff to offer evidence that proper notice of the demand had been given the administratrix, despite counsel's statement to the court that he was "prepared to show that this was done."

The court's theory evidently was that not only is an exhibition for classification jurisdictional, but that being so, the fact of such exhibition for classification must affirmatively appear upon the face of the proceedings of the probate court in view, no doubt, of the *status*

of such court as one of inferior and limited jurisdiction, possessed only of certain specified statutory powers which it may exercise only in the manner prescribed by statute.

We agree that as against a plea of the bar of the special Statute of Limitations the probate court cannot proceed to adjudicate a claim upon its merits unless it appears that the claimant has taken those timely procedural steps which are necessary to confer the jurisdiction upon the court which it purports to exercise, but that such is true in nowise determines that an exhibition for classification is jurisdictional as regards the power of the court to allow the claim.

We are of course presently concerned with the question of the court's jurisdiction over the subject-matter of a claim rather than with the question of jurisdiction over the person of the executor or administrator, which jurisdiction of the person could in no event be obtained by virtue of the statutory exhibition for classification, but which follows only from service of the notice spoken of in Sections 195, 196, and 197, or by a waiver of such notice.

Now as has been distinctly pointed out by the Supreme Court, the judicial proceeding in the probate court looking to the allowance of a claim against an estate is initiated or commenced upon the exhibition of the demand for allowance in the manner provided by law, followed by the presentment of the claim to the probate court within the year. [State ex rel. Dean v. Daues, *supra*; Home Insurance Co. v. Wickham, *supra*.] It is in that manner, and in that manner alone, that the jurisdiction of the probate court is or may be invoked, and the exhibition for classification, which, for any effective purpose, would precede the exhibition for allowance in point of time, neither constitutes a part of the judicial proceeding in the probate court, nor does it serve to avoid the running of the statute unless the actual probate proceeding is duly initiated or commenced within the year. In other words, the exhibition for classification is in no sense the commencement of a legal proceeding based upon the demand, but is only the exhibition of the foundation of a legal proceeding which is to be thereafter initiated or commenced.

This does not mean, however, that the exhibition for classification performs no important function in the scheme outlined by statute for the enforcement of a demand against an estate of a decedent in process of administration, since the very contrary is true. The evident purpose the Legislature has wisely sought to serve by the enactment of the administration code is to provide an orderly procedure for the allowance of claims so designed as to encourage promptness and expedition in the settlement of estates. So far as the claimant is concerned, a prompt exhibition of his demand for classification may entitle the same to a preferred *status* in the event of its subsequent allowance by the probate court when once the court's jurisdiction is

invoked. And, on the other hand, so far as the executor or administrator is concerned, when the demand is exhibited to him for classification, he is thereby apprised of its nature, origin, and amount, and is afforded an opportunity, prior to the initiation or commencement of a legal proceeding upon it, to investigate its merits intelligently, determine whether or not to contest it, and if it appears meritorious, arrange to have assets of the estate available for its payment if and when allowed. [Britian v. Fender, 116 Mo. App. 93, 96, 92 S. W. 179; Van Wagner v. Slane, 223 Mo. App. 527, 531, 14 S. W. (2d) 710, 712.]

But in all discussion of the two separate and distinct exhibitions provided for by the statutes a clear distinction is to be drawn "between the limitation which will bar the claim altogether, and the time of presentation as it affects the class to which the demand, when allowed, shall be assigned." [The Madison County Bank v. Suman, 79 Mo. 527, 535.] "Exhibiting a claim for classification and presenting it for allowance are different steps." [Pfeiffer v. Suss, 73 Mo. 245, 255.] The executor or administrator may neither classify nor allow a claim. Both allowance and classification require judicial action by the probate court after notice to the executor or administrator, with the court's right to allow the claim dependant upon a proper and timely initiation or commencement of the legal proceeding based upon it, and with the classification of the allowance dependent upon the character of the claim and the time of its exhibition to the executor or administrator. [The Madison County Bank v. Suman, 79 Mo. 527, 530.]

In other words, the jurisdiction of the probate court to entertain a claim in the first instance with a view to its allowance depends upon the taking by the claimant of those steps which serve to initiate or commence the legal proceeding, namely, the giving of the statutory notice of exhibition for allowance which serves as well as a summons to the executor or administrator, followed by the presentment of the claim in court within the year. It is only in the event of the allowance of the claim that the court becomes concerned with the question of its classification. The ordinary claim falls either in the fifth or the sixth class, and when the court, having allowed the claim, comes to determine the question of its classification, the notice of exhibition for classification is "evidence" by which the claimant may establish his right to have his claim accorded a preferred *status*. [The Madison County Bank v. Suman, 79 Mo. 527, 535. But absent "evidence" of an exhibition for classification, then the classification of the claim, if and when allowed, will be governed, so far as the time element is concerned, by the time of the exhibition for allowance and presentment of the claim in the probate court. [Pfeiffer v. Suss, 73 Mo. 245, 249-250.]

It seems to be clear, therefore, that when proper regard is had for the distinction between the allowance and the classification of a claim, the jurisdiction of the probate court to entertain a claim with a view to its allowance is not to be defeated by the absence of any showing of an exhibition for classification. To the contrary, the only material consequence of the lack of an exhibition for classification will be that the claim, if allowed, will be given a classification dependent upon the time of its exhibition for allowance and presentment in court rather than a possible higher rating to which a more prompt and timely exhibition for classification might have otherwise entitled it.

Moreover, as to the point in inquiry, in neither of the cases upon which defendant relies was the claim disallowed, either for want of an exhibition for classification, or upon the theory that a separate and distinct exhibition for classification was jurisdictional as regards the right of the probate court to have entertained the claim for its allowance.

In State ex rel. Dean v. Daues, *supra*, the claim was denied solely for the reason that even though the same had been presented to the probate court within the year, there had nevertheless been no statutory exhibition of it to the executors for allowance in the manner provided by law, that is, by the service of the statutory notice ten days before the beginning of the term at which it was to be presented, nor had the exhibition for allowance been waived by the executors, either in writing, or by their appearance in court to the merits prior to the expiration of the limitation period.

In Home Insurance Co. v. Wickham, *supra*, there had been a single exhibition of the demand to the administratrix, followed by the presentment of the demand to the probate court, all well within the year. However, the proceeding thus instituted was not pursued to final judgment, the cause having been dismissed after an appeal had been perfected to the circuit court from the judgment and decision of the probate court. Thereafter, but after the expiration of the year, an action upon the claim was begun in the circuit court; and, as stated by the Supreme Court itself, the only question for decision was whether the claim was barred by limitation when the action was begun in the circuit court, defendant asserting that it was, whereas plaintiff contended that the prior exhibition to the administratrix, followed by presentment to the probate court, all coming within the year, had served to toll the statute, although such former proceeding initiated in the probate court had not been carried through to final judgment, but had been subsequently dismissed.

The Supreme Court held that upon the dismissal of the first proceeding the limitation statute ran against the cause of action from the time of its accrual, or, in other words, that the abortive and incomplete steps taken by the plaintiff in the probate proceeding did

not suspend the running of the special statute so as to have precluded the defendant from subsequently asserting it as a bar to the prosecution of the action brought in the circuit court after the expiration of the year. However it is clear from the opinion that if the probate proceedings, instead of having been dismissed, had been followed through by the plaintiff to final judgment, the probate court's jurisdiction would have gone unquestioned, since though there was but the one exhibition of the demand, which was for its allowance, that exhibition "would have sufficed for the purpose of classification."

So we repeat that as we read State ex rel. Dean v. Daues, *supra,* and Home Insurance Co. v. Wickham, *supra,* there is nothing in either decision which purports to hold that an exhibition for classification is jurisdictional in the sense that in the absence of a showing of an exhibition for classification the probate court may not undertake to adjudicate a claim upon its merits. Indeed the Supreme Court has itself but recently said in its last controlling decision upon the question (Wahl v. Murphy (Mo. Sup.), 99 S. W. (2d) 32, 35), that "a demand against the estate of a deceased person may be established or allowed . . . by giving the statutory notice to the administrator and thereafter presenting the demand to the probate court for allowance." It is of significance to note the use of the singular number by the court in referring to "the statutory notice" which is to be given the administrator by a claimant who seeks to have a demand allowed against the estate. Such terse but comprehensive statement of the procedure to be followed conforms to the time-honored practice in relation to the establishment of demands against estates in process of administration, and the fact that the court did not refer to the necessity for an exhibition for classification as well as "the statutory notice" is to be taken as a fair indication that it did not regard such an exhibition for classification as jurisdictional.

In this case the exhibition for allowance was both timely and in due and proper form, and the claim was filed in the probate court well within the limitation period. It follows, therefore, that regardless of the absence of any showing of an exhibition for classification or of a waiver thereof, the probate court acquired jurisdiction to adjudicate plaintiff's demand on its merits, unless it should be, as defendant also contends, that the probate court acquired no jurisdiction over the person of the administratrix.

This point is based upon the fact that whereas the statutory notice was directed to "Berdina Magel, administratrix," the affidavit of one A. J. Samuels as to the service of the same recited service merely upon "the within named Berdina Magel," without designating her as administratrix.

Likening the situation to one involving the service of summons by an officer, defendant's counsel argue that the service shown was upon

Berdina Magel individually, and was consequently not service upon her in her representative capacity. We think this point presents no very serious problem. It is provided by Section 196 that while the notice may be served by any sheriff or constable, it may also be served "by any competent witness," who shall make affidavit to such service. With the right to serve the notice extended to any competent witness, it is obvious that the affidavit of service is not to be viewed with the same strictness as in the case of an officer's return to a writ of summons. The decisive question is whether the administratrix was actually served with the notice. In this case, according to the recitals of defendant's own supplemental abstract of the record, Berdina Magel appeared in the probate court in her role of administratrix, and solemnly recited in her motion to dismiss that plaintiff did not exhibit "to the administratrix" his claim for classification, "but only exhibited to her a claim for allowance." Inasmuch as Berdina Magel thus admitted to the court that she was actually served as administratrix, defendant is not now to be permitted to question the fact that the probate court acquired jurisdiction over her person, and his present insistence to the contrary may be rejected without further comment. [46 C. J. 558-559.]

. The Commissioner accordingly recommends that the order and judgment of the circuit court be reversed and the cause remanded for further proceedings not inconsistent with the views herein expressed.

PER CURIAM:—The foregoing opinion of BENNICK, C., is adopted as the opinion of the court.

The judgment of the circuit court is, accordingly, reversed and the cause remanded in accordance with the recommendations of the Commissioner. *Hostetter, P. J.,* and *Becker* and *McCullen, JJ.,* concur.