In the Matter of the ESTATE OF Robert C. MILLER.

No. ED 90722.

Missouri Court of Appeals, Eastern District, Division One.

Sept. 23, 2008.

David B. Summers, Benjamin J. Gray, Cape Girardeau, MO, for appellant.

Daniel H. Rau, Cape Girardeau, MO, for respondent.

## *OPINION*

GLENN A. NORTON, Judge.

Rebecca S. Aubuchon, personal representative of the Estate of Robert C. Miller, appeals from the trial court's probate order allowing Jacqueline A. Bollinger's ("Wife") 2007 claim against the Estate in the amount of $16,531.60 and classifying it as a "Class No. 9" claim. Wife's 2007 claim against the Estate was for child support Robert C. Miller ("Husband") failed to pay her pursuant to the terms of the parties' 1979 divorce decree (the "1979 child support judgment"). We reverse and remand.

## I. BACKGROUND

Wife and Husband's marriage was dissolved on March 27, 1979, in the Circuit Court of Cape Girardeau County, Missouri. One child, Mary Michelle Miller ("Daughter"), was born of the marriage on May 25, 1970. It is undisputed that the 1979 child support judgment obligated Husband to pay child support to Wife in the amount of $180.00 per month until Daughter turned twenty-one years old in May 1991. Each monthly child support payment was due by the 10th day of each month.

Husband died on January 31, 2007. Thereafter, the trial court appointed Aubuchon personal representative of the Estate. On June 29, 2007, Wife filed a $16,531.60 claim against the Estate for child support Husband failed to pay her pursuant to the terms of the 1979 child support judgment.

On November 15, 2007, the trial court held a hearing on Wife's claim against the Estate. The trial court admitted into evidence the file pertaining to Wife and Husband's 1979 dissolution. The file reflects

that there were only two docket entries after Husband's last child support payment was due on May 10, 1991: (1) a May 24, 1991 "Lien Request" accompanied by an "Arrearage Affidavit;" and (2) a June 17, 1991 "Administrative Order" relating to Husband's arrearages. Wife introduced certified records from the Missouri Department of Social Services Family Support Division ("Division") into evidence, which reflected that Husband failed to pay Wife $16,531.60 in child support pursuant to the terms of the 1979 child support judgment. The certified records do not reflect that Husband made any child support payments to Wife. Peggy Riggs of the Division's Child Support Enforcement office testified that the Division's old computer records indicate that Husband only made two child support payments: (1) a child support payment in 1985; and (2) a final payment on June 19, 1991. After the hearing, the trial court entered a probate order allowing Wife's $16,531.60 claim against the Estate and classifying it as a "Class No. 9" claim. Aubuchon appeals.

## II. DISCUSSION

### A. Standard of Review

Our review of a trial court's decision to allow a claim against an estate is governed by *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976). *In re Estate of Newman,* 58 S.W.3d 640, 642–45 (Mo.App. W.D.2001). We will affirm the court's judgment unless it is not supported by substantial evidence, it is against the weight of the evidence, it erroneously declares the law, or it erroneously applies the law. *Murphy,* 536 S.W.2d at 32. Statutory interpretation is a question of law that we review *de novo. Waddington v. Cox,* 247 S.W.3d 567, 570 (Mo.App. E.D.2008).

### B. The Trial Court Erroneously Applied the Law When it Allowed Wife's 2007 Claim Against the Estate and Classified it as a "Class No. 9" Claim

In her sole point on appeal, Aubuchon argues that the trial court erroneously applied the law when it allowed Wife's 2007 claim against the Estate because the claim was barred under section 516.350 RSMo 2000.[1] We agree.

### 1. A Court Must Determine Whether There is a Limitation Barring a Claim Against an Estate Before it Classifies the Claim

Wife maintains that the trial court did not err in allowing her claim against Estate because the court classified it as a "Class No. 9" claim. Section 473.397 provides in relevant part that: "All claims and statutory allowances against the estate of a decedent shall be divided into the following classes: ... (8) Judgments rendered against the decedent in his lifetime ...; (9) All other claims not barred by section 473.360." Wife contends that her "Class No. 9" claim against Estate should have been allowed because her claim was "not barred by section 473.360." However, the trial court's classification of Wife's claim against the Estate does not impact whether or not the claim was properly allowed. In fact, "[i]t is only in the event of the allowance of the claim that [a] court becomes concerned with the question of its classification." *Schaefer v. Magel's Estate,* 233 Mo.App. 778, 108 S.W.2d 608, 613 (1937). There is a "clear distinction" between a limitation which bars a claim against the estate altogether and the class to which the claim, when allowed, shall be assigned. *Id.* In other words, a court must determine whether there is a limitation barring a claim against an estate alto-

---

1. All statutory references are to RSMo 2000     unless otherwise indicated.

gether before it classifies the claim under Section 473.397.

### 2. Section 516.350 Barred Wife's 2007 Claim Against the Estate

As noted earlier, Aubuchon asserts that section 516.350 barred Wife's 2007 claim against the Estate. We agree.

#### a. Section 516.350

Section 516.350.2 provides that:

In any judgment, order, or decree awarding child support . . . each periodic payment shall be presumed paid and satisfied after the expiration of ten years from the date that periodic payment is due, unless the judgment has been otherwise revived as set out in [section 516.350.1].

Pursuant to section 516.350.1, a judgment is revived either upon: (1) "personal service duly had upon the defendant;" or (2) "a payment . . . made on such judgment, order or decree, and duly entered upon the record thereof." *Id.* If a judgment is revived, any periodic payments due within the ten years preceding the revival may be collected up until the expiration of ten years from the date of revival. *See id.; Coleman v. Coleman,* 823 S.W.2d 6, 8–9 (Mo.App. E.D.1991) (allowing wife to collect periodic child support payments due beginning in 1976 when husband revived child support judgment by making a child support payment that was duly entered in 1986); *Sparks v. Trantham,* 814 S.W.2d 621, 627 (Mo.App. S.D.1991) (stating that a child support judgment revived by a child support payment that was duly entered extends the ten year period of limitation to a time after the expiration of ten years from the date of the last payment). Moreover, "after the expiration of ten years from the date of . . . revival upon personal service, or from the date of the last pay-

ment, such judgment shall be conclusively presumed to be paid." Section 516.350.1.

Section 516.350 imposes a statute of limitation on the enforceability of judgments. *Hanff v. Hanff,* 987 S.W.2d 352, 355–56 (Mo.App. E.D.1998). "Section 516.350 alone determines the time in which a judgment may be enforced. . . ." *Id.* at 356. A judgment is not enforceable after it is presumed to be paid under section 516.350 because the statute "wipes out or cancels the debt itself" and "extinguishes the right of action." *Id.; Lanning v. Lanning,* 574 S.W.2d 460, 462 (Mo.App.1978) (quoting *Wormington (Woolsey) v. City of Monett,* 358 Mo. 1044, 218 S.W.2d 586, 588 (1949)). Thus, a claim against an estate that is based on a child support judgment that is presumed to be paid under section 516.350 is barred. *See Hanff,* 987 S.W.2d at 356 (finding that a cause of action based on a divorce judgment "necessarily depends" on whether the divorce judgment is enforceable under section 516.350); *Wencker v. Thompson's Administrator,* 96 Mo.App. 59, 69 S.W. 743, 744–45 (1902) (reversing a trial court's allowance and classification of a claim against an estate based on a judgment because the judgment was presumed paid under prior version of section 516.350).

#### b. All Periodic Child Support Payments Due Under the 1979 Child Support Judgment were Presumed to Have Been Paid under Section 516.350 More Than Six Years Before Wife Filed her 2007 Claim Against the Estate

It is undisputed that the 1979 child support judgment obligated Husband to pay child support to Wife in the amount of $180.00 per month until Daughter turned twenty-one years old in May 1991.[2] Be-

---

2. We note that this was permissible under section 452.370.3 RSMo 1979, which provided in relevant part that *"[u]nless otherwise . . .*

*expressly provided in the decree,* provisions for the support of a child are terminated by emancipation of the child." (emphasis added).

cause each monthly child support payment was due by the 10th day of each month, the last periodic child support payment was due on May 10, 1991. Thus, under section 516.350.2, the last periodic payment was presumed to be paid after the expiration of May 10, 2001, unless the 1979 child support judgment was otherwise revived under section 516.350.1. In addition, all other periodic payments due prior to May 10, 1991 were presumed to be paid after the expiration of May 10, 2001, unless the 1979 child support was otherwise revived under section 516.350.1. Wife did not file her claim against the Estate until June 29, 2007, which is over six years after all periodic payments owed under the 1979 child support judgment were presumed to be paid had the judgment not been otherwise revived.

There are only three events that took place after the last periodic payment was due on May 10, 1991 and before the expiration of May 10, 2001:(1) on May 24, 1991, a "Lien Request," accompanied by an "Arrearage Affidavit," was filed in the dissolution case; (2) on June 17, 1991, an "Administrative Order" relating to Husband's arrearages was filed in the dissolution case; and (3) on June 19, 1991, Husband made his last child support payment, which, according to Riggs's testimony, was reflected in the Division's old computer records. It is unnecessary for us to determine whether any of these three events revived the 1979 child support judgment under section 516.350.1 because even *if* they all revived the judgment, all periodic payments owed under the 1979 child support judgment were conclusively presumed to be paid after the expiration of June 19, 2001 under section 516.350.1. As previously noted, Wife did not file her claim against the Estate until June 29, 2007, which is over six years after all periodic payments owed under the 1979 child sup-

port judgment were presumed paid had the judgment been revived.

In sum, at the earliest, all periodic payments due under the 1979 child support judgment were presumed to be paid after the expiration of May 10, 2001, ten years after the last payment was due. At the latest, all periodic payments due under the 1979 child support judgment were presumed to be paid after the expiration of June 19, 2001, ten years after the date of the last possible revival. Under either scenario, all periodic payments due under the 1979 child support judgment were presumed to have been paid more than six years before Wife filed her claim against the Estate in 2007. Thus, section 516.350 bars Wife's claim against the Estate. Therefore, the trial court erroneously applied the law when it allowed Wife's 2007 claim against the Estate and classified it as a "Class No. 9" claim. Point granted.

### III. CONCLUSION

We reverse the trial court's probate order allowing Wife 2007 claim against the Estate in the amount of $16,531.60 and classifying it as a "Class No. 9" claim, and remand for further proceedings consistent with this opinion.

KURT S. ODENWALD, P.J. and PATRICIA L. COHEN, J., concur.