Dear Dr. Mallory:
This opinion is issued in response to your request for an official ruling on the following questions relative to H.B. 969, 79th General Assembly:
 "A. August 13th HB 969 (copy enclosed) enacted by the 79th General Assembly, second regular session, will become effective. School districts for the first time will be entitled to state aid for transporting pupils `to and from public accredited vocational courses.' Will districts providing this service be entitled to state aid for this new service in the 1978-79 school year based on auditable records of these pupils transported during the 1977-78 school year or will the first state aid for transporting pupils `to and from public accredited vocational courses' be paid to districts in the 1979-80 school year based on the transportation of such pupils during the 1978-79 school year?
 "B. Section 167.232, HB 969, authorizes school boards of six-director districts to present to the voters of the district a proposition to rescind `the tax levy and the requirement that transportation be provided for all pupils living less than one mile from school' Does 167.232(1) authorize the proposition to rescind to be presented to the voters only if transportation and a tax increase has been approved by the voters as provided in section 167.231, HB 969, or may the proposition to rescind be presented to the voters if only the proposal to transport without an increase in the tax rate has been previously approved?
 "C. If a school board determines that children living less than one mile from school can be transported without an increase in the tax rate and a proposition for approval of such transportation service is presented to the voters of the district and is approved by a majority vote may the board at a later date submit a proposition to transport those children living less than one mile from school with an increase in the tax rate?
 "D. May a school board under the authority to `prescribe reasonable rules and regulations as to eligibility of pupils for transportation' found in section 167.231 (HB 969, 79th General Assembly, Second Regular Session) adopt rules making (1) distance from home to school the basis for eligibility for transportation, or (2) hazardous walking conditions the basis for eligibility for transportation, or (3) age of the student, the basis for eligibility for transportation, or (4) the grade to which the pupil is assigned the basis for eligibility for transportation, or (5) only those pupils eligible for transportation who can be transported at no appreciable additional cost."
In addition to these questions we also find it necessary to address a problem you have raised informally regarding the relationship between H.B. 969 and H.B. 971, both of which purport to repeal and reenact Section 167.231, RSMo Supp. 1977.
 I.
Your first question asks whether state aid for transporting pupils "to and from public accredited vocational courses" should be paid in 1978-79, based on the costs of such transportation in 1977-78, or whether state aid should not be paid until 1979-80, based on the costs of such transportation in 1978-79. This problem apparently arises from H.B. 969's use of the term "ensuing year" to describe the year in which payment is to be made, and the term "current year" to describe the year constituting the cost basis for the payment. The effective date of H.B. 969 is August 13, 1978.
For the sake of clarity, Section 163.161(1) is set forth below in its original form, with the changes imposed by H.B. 969 shown by underlining:
 "163.161. 1. Any school district which makes provision for transporting pupils as provided in sections 167.231 and 167.241, RSMo, shall receive state aid for the ensuing year for such transportation on the basis of the cost of pupil transportation services provided the current year. A district shall receive an amount not greater than eighty percent of the allowable costs of providing pupil transportation services to and from school and to and from public accredited vocational courses,
except that in no case shall a district receive an amount per pupil greater than one hundred twenty-five percent of the state average approved cost per pupil transported the second preceding school year. The state board of education shall approve all bus routes and determine the total miles each district should have for effective and economical transportation of the pupils and shall determine allowable costs. No state aid shall be paid for the costs of transporting pupils living less than one mile from the school. However, if the state board of education determines that circumstances exist where no appreciable additional expenses are incurred in transporting pupils living less than one mile from school such pupils may be transported without increasing or diminishing the district's entitlement to state aid for transportation."
We are not here concerned with the language added at the end of the above-quoted subsection. Our task is to give effect to the intent of the General Assembly with respect to state aid for transportation to and from vocational education courses.
House Bill 969 is entitled "An act [t]o repeal sections 163.161,167.231 and 167.232, RSMo Supp. 1977, relating to transportation for public schools pupils and to enact in lieu thereof three new sections relating to the same subject." Despite the language of "repeal and reenactment", the addition of the words "and to and from public accredited vocational courses" is more aptly characterized as amendatory. Authorization for the payment of state aid for the transportation of pupils "to and from school" continues unchanged, and a new category of transportation eligible for state aid is established.
The general rule of statutory construction in this situation requires us to presume that the legislature intended unamended portions of a statute to remain operative and effective as before the amendment.State ex rel. Dean v. Daves, 14 S.W.2d 990 (Mo. 1929). In the situation presented here, the unamended portion of Section 163.061 merely continues the grant of state aid for transporting pupils to and from school, the aid to be paid for the "ensuing year" on the basis of the costs of services provided "the current year." Had there been no amendment, state aid for such transportation would be paid in 1978-79 based on the cost of services provided in 1977-78. We do not think that by the enactment of H.B. 969 the legislature intended that this pattern be interrupted, or that new definitions be placed on the terms "current year" and "ensuing year" in connection with the effective date of the act. The inclusion of vocational education transportation need not affect the timing and operation of the rest of the statute, and payments for vocational education transportation can be made along with payments for transportation "to and from school."
We conclude therefore that the intent of the legislature in connection with H.B. 969 was merely to provide state aid for vocational education transportation in addition to that already being provided for transportation "to and from school", and to pay such state aid in the 1978-79 school year on the basis of the costs of these services in 1977-78.
 II.
Your second question asks whether Section 162.232(1) of H.B. 969 authorizes a school district to present a proposition to rescind if the voters have previously approved a proposal to transport pupils living less than one mile from school without an increase in the tax levy.
Section 167.231(1) of H.B. 969 provides in pertinent part:
 ". . . The board of education may provide transportation for pupils living less than one mile from school at the expense of the district and may prescribe reasonable rules and regulations as to eligibility of pupils for transportation. If no increase in the tax levy of the school district is required to provide transportation for pupils living less than one mile from the school, the board shall submit the question at a public election. If a majority of the voters voting on the question at the election are in favor of providing the transportation, the board shall arrange and provide therefor. If an increase in the tax levy of the school district is required to provide transportation for pupils living less than one mile from school, the board shall submit the question at a public election. If a two-thirds majority of the voters voting on the question at the election are in favor of providing the transportation, the board shall arrange and provide therefor."
Section 167.232(1) of H.B. 969 provides:
 "167.232. 1. The board of education of any six-director school district where the voters of the district have approved the transportation of pupils living less than one mile from the school and the levying of an additional tax to pay for such transportation as provided in section 167.231
may, when it determines such action advisable, present a proposition to the qualified voters of the district rescinding the tax levy and the requirement that transportation be provided for all pupils living less than one mile from school. Such a proposition shall not be presented to the voters until after such transportation services have been provided for three full school terms and then only at the annual election. Approval of the rescission by a majority of the voters would be effective on July first next following the election. After that date the district shall provide only such transportation as is authorized under subsection 1 of section 167.231. Upon December thirty-first of the year in which the rescission is effective, the district's tax levy shall be reduced by an amount equal to the increase approved by the voters under subsection 2 of section 167.231." (Emphasis supplied).
By the express terms of the statute, the authority to present a rescission proposal to the voters appears to be limited to those situations where the voters have previously approved the transportation of pupils living less than one mile from school and the levying of an additional tax to pay for such transportation.
We note that prior to H.B. 969, a school district was authorized to submit a proposal to the voters for transportation of pupils living more than one-half mile from school, and the levying of a tax for the costs thereof was required. School districts were also authorized to propose rescission of the prior approval and tax levy for such transportation. The former rescission provision, Section 167.232, RSMo Supp. 1977, provided:
 "1. The board of education of any six-director school district may, when it determines such action advisable, present a proposition to the qualified voters of the district rescinding the requirement that transportation be provided for all pupils living more than one-half mile from school. Such a proposition shall not be presented to the voters until after such transportation services have been provided for three full school terms and then only at the annual election. Approval of the rescission by a majority of the voters would be effective on July first next following the election. After that date the district shall provide only such transportation as is authorized under subsection 1 of section 167.231, RSMo. Upon December 31, of the year in which the rescission is effective, the district's tax levy shall be reduced by an amount equal to the increase approved by the voters under subsection 2 of section 167.231 RSMo."
The changes in the language appearing in H.B. 969, with explicit reference to the prior approval of "the levying of an additional tax" and "rescinding the tax levy" indicates that rescission is available only under those circumstances. Had the legislature intended to allow rescission where no tax increase was placed before the voters, it need only have changed the distances mentioned in Section 167.232.
We conclude therefore that Section 167.232 of H.B. 969 authorizes a proposition to rescind to be presented to the voters only if transportation and a tax increase has been previously approved by the voters as provided in Section 167.231 of H.B. 969.
 III.
Your third question asks whether a school district which has obtained voter approval to provide transportation to pupils living less than one mile from school without a tax increase may thereafter submit a proposal to transport such children with an increase in the tax levy.
Section 167.231 of H.B. 969, set out in full above, does not speak directly to this question. However, we note the manner in which the election provisions are phrased; there are two separate sentences directing school districts to submit the question to the voters:
 ". . . If no increase in the tax levy of the school district is required . . . the board shall submit the question at a public election. If a majority of the voters voting on the question at the election are in favor of providing the transportation, the board shall arrange and provide therefor. If an increase in the tax levy of the school district is required . . . the board shall submit the question at a public election. If a two-thirds majority of the voters voting on the question at the election are in favor of providing the transportation, the board shall arrange and provide therefor."
The grant of authority to submit the two kinds of questions to the voters is not expressed in the disjunctive, nor does any other language in the statute appear to preclude a district from submitting first one and subsequently the other proposition to the voters. Under these circumstances, we do not believe the legislature intended that school districts which have approved a proposal to transport with no tax increase are thereafter irrevocably committed to provide such transportation and are without power to seek a tax increase from the voters for the costs of such transportation.
We therefore conclude that a school district which has been authorized by a majority of the voters to provide transportation to pupils living less than one mile from school without an increase in the tax rate, may thereafter submit a proposition to the voters to transport such children with an increase in the tax rate.
 IV.
Your fourth question asks whether the following factors may be made the basis for the "reasonable rules and regulations as to eligibility of pupils for transportation" which school boards are authorized to prescribe under Section 167.231 of H.B. 969:
(1) Distance from home to school;
(2) Hazardous walking conditions;
(3) Age of the pupil;
(4) Grade level of the pupil;
 (5) Those pupils who can be transported without appreciable additional cost.
We note first that nothing in the statute provides any guidance as to what would constitute "reasonableness" in determining a pupil's eligibility for transportation. Thus, a school board is vested with broad discretion in fashioning its eligibility rules, and generally, courts will not interfere with the exercise of a school district's discretion except in cases of clear abuse, fraud or some similar conduct. Smith v. Consolidated School District No. 2, 408 S.W.2d 50
(Mo. 1966); 78 C.J.S. Schools and School Districts § 99.
Under these circumstances, we are reluctant to rule upon the propriety of any general policies which a board may wish to adopt. Each of the factors you mentioned might be considered by a board of education in fashioning its eligibility rules. However, in order to determine whether the rules actually prescribed are reasonable or unreasonable, we would need to be presented with a specific rule or regulatory scheme and a specific factual situation.
We therefore conclude that under Section 167.231 of H.B. 969, a school board may prescribe such rules and regulations to determine the eligibility of pupils for transportation so long as such rules or regulations are not a clear abuse of their discretion, fraudulent or otherwise in excess of their authority.
 V.
It has come to our attention that Section 167.231 which was repealed and reenacted in H.B. 969, was also repealed and reenacted by the terms of H.B. 971, 79th General Assembly. H.B. 971 was passed by the General Assembly on April 29, 1978, and H.B. 969 was passed on April 30, 1978. Both were signed by the Governor and are effective August 13, 1978. H.B. 971, known as the Comprehensive Election Law Act, amended Section 167.231 to read as follows:
 "167.231. 1. Within all school districts except metropolitan districts the board of education shall provide transportation to and from school for all pupils living more than three and one-half miles from school and may provide transportation for all pupils living one mile or more from school. When the board of education deems it advisable, or when requested by a petition signed by ten percent of the voters in the district as determined by the number of voters casting votes in the last election for board members, to provide transportation to and from school at the expense of the district for pupils living more than one-half mile from school, the board shall submit the question to the voters of the district. If two-thirds of the voters voting on the question are in favor of providing the transportation, the board shall arrange and provide therefor.
 "2. Notwithstanding other provisions of law if the question to provide transportation at the expense of the district for pupils living more than one-half mile from school is presented to the voters, it shall provide for an increase in the tax rate in an amount sufficient to pay for such service. The question shall be submitted in substantially the following form:
 Shall the board of education of the . . . . . school district provide transportation at the expense of the district for pupils living more than one-half mile from school and be authorized to levy an additional tax of . . . . . cents on the one hundred dollars assessed valuation to provide funds to pay for such transportation services?"
The only changes which this enactment effected on Section 167.231, RSMo Supp. 1977, were (1) the addition of the words "to the voters of the district" in place of the words "at an annual or biennial election or a special election called for the purpose. Notice of the election shall be given as provided in section 162.061, RSMo"; (2) the deletion of voter instructions which were to appear on the ballot.
House Bill 971 is a comprehensive act repealing and reenacting some 423 separate statutes involving elections. It is readily apparent that the purpose of the bill was to streamline and make uniform the wide array of election laws involving political subdivisions. It is our understanding that few, if any, changes were made in these statutes other than those dealing with election procedures.
Nonetheless, the cardinal rule applied in this situation is that two statutes passed at the same session of the Legislature, taking effect at the same time, and relating to the same general subject, should be construed together and, if possible, harmonized so as to give effect to each. State ex rel. Karbe v. Bader, 78 S.W.2d 835
(Mo. banc 1934). When two acts in pari materia are passed at the same session, they are to be construed so that both can stand, if possible. Nevertheless, if there is an irreconcilable repugnancy, the later act prevails. State ex rel. Monier v. Crawford, 303 Mo. 652,262 S.W. 341 (Mo. banc 1924).
Our task therefore is to harmonize these two bills and to give effect to both, if possible. Only if the statutes cannot stand together may we presume that the later act, H.B. 969, impliedly repeals the earlier H.B. 971. While H.B. 969 is an expansion of the powers of school districts to transport pupils, the terms of the act would not preclude a district from exercising its former powers. The two acts are reconcilable simply by giving effect to both, allowing school districts to proceed under either act. A district choosing to hold an election under H.B. 971 may vote the question of transporting pupils living more than one-half mile from school according to the procedures set forth in that act, and a district choosing to hold an election under H.B. 969 may vote the question of transporting pupils living less than one mile from school according to the procedures set forth in that act. Nothing in either act prevents the exercise of the powers granted by the other.
We conclude therefore that H.B. 969 does not impliedly repeal H.B. 971; there is no irreconcilable repugnancy, and both acts may stand and be given effect.
CONCLUSION
Based on the foregoing discussion, it is the opinion of this office that:
1. State aid for transportation to and from public accredited vocational education courses should be paid in the 1978-79 school year on the basis of the costs of these services in the 1977-78 school year.
2. A school district has authority to present a proposition to rescind to the voters only where transportation and a tax increase has previously been approved.
3. A school district which has been authorized by the voters to provide transportation for pupils living less than one mile from school without an increase in the tax levy may thereafter submit to the voters a proposition to transport such children with an increase in the tax levy.
4. A school board may prescribe such reasonable rules and regulations to determine the eligibility of pupils for transportation so long as such rules or regulations are not a clear abuse of their discretion, fraudulent or otherwise in excess of their authority.
5. H.B. 969 does not repeal the provisions of Section 167.231
contained in H.B. 971 and both acts are in full force and effect.
The foregoing opinion, which I hereby approve, was prepared by my assistant, Sheila K. Hyatt.
Very truly yours,
 JOHN ASHCROFT Attorney General